FRANCIS O. J. SMITH, APPELLANT, *v.* JOSEPH W. CLARK, ET AL.

Where a motion is made to docket and dismiss a case under the 43d rule of this court, the certificate of the clerk of the court below, upon which the motion is founded, must state the names of the parties to the suit. It is not enough to say, Joseph W. Clark and others. The names of the " others " ought to be set forth.

A MOTION was made by Mr. Woodbury to docket and dismiss this case under the 43d rule of this court. The case purported to be an appeal from the Circuit Court of the United States for the District of Massachusetts. The certificate of the clerk of the Circuit Court is set forth in the order passed by this court, and to be found at the end of this report. It is, therefore, unnecessary to repeat it.

Mr. Chief Justice TANEY delivered the opinion of the court.

A motion has been made to docket and dismiss this case, under the 43d rule of this court.

The certificate of the clerk states, that, in the Circuit Court of Massachusetts, in a cause depending in that court, in which Francis O. J. Smith was complainant in equity, and Joseph W. Clark and others were respondents, a final decree in that court was made on the 17th of October, 1850, in favor of the said Joseph W. Clark and others, respondents, from which the said Francis O. J. Smith appealed on the same day ; and on the 30th of October filed his appeal-bond with sureties, whereby execution on the decree was suspended.

The certificate conforms to the rule in all respects but one, and that is in the statement of the parties. The respondents are stated to be Joseph W. Clark *and others,* from which, as well as from the statement in the motion, it appears that there were other respondents parties to the suit, who are not named in the certificate.

The 43d rule provides, that where the party against whom a judgment or decree is rendered, fails to file the record and docket the case within the time limited by the rule, the other party may

Smith *v.* Clark et al.

docket the case and file a copy of the record with the clerk, in which case it shall stand for argument at the term; or he may, at his election, have the case docketed and dismissed upon producing a certificate from the clerk stating the cause, and certifying that such a writ of error or appeal had been duly sued out and allowed.

Now, where the unsuccessful party brings a writ of error, all the parties to it must be named in the writ; and the name of one or more of them "*and others*" is not a sufficient description to bring those not named before the court. It was so decided in Deneale & others *v.* Stump's Executors, 8 Pet. 526. And the same principle was applied to a writ of error docketed under the 43d rule, in the case of Holyday et al. *v.* Batson et al., 4 How. 645. And the reason for requiring all the parties, whose interests are to be affected by the judgment, to be named in the writ of error, applies with equal force to the case of an appeal from a decree.

Where the party, in proceeding under the 43d rule, elects to file the record and try the cause, the record must certainly be as full and complete as the one which would be required from the opposing party. It must name all the persons which the writ of error or appeal is intended to bring before the court; otherwise there could be no judgment or decree for or against them.

And upon the same ground, the same thing must be done when the case is docketed in order to obtain a judgment of dismissal. The proceeding is in the nature of a writ of error or appeal, in which the party, in whose favor the judgment or decree was rendered, is allowed to bring the case before this court, in order to prevent unnecessary delay. And all the parties to the judgment or decree, whose interests are to be affected by docketing and dismissing the suit, are regarded as in court, for the purpose of being parties to the judgment of dismissal. Nor could the Circuit Court regularly issue an execution for or against a person not named; as it would not appear that he had been a party to the proceeding here, or that there had been a judgment of dismissal for or against him.

The rule of which we are speaking, was framed upon this principle: It requires that the certificate of the clerk should "state the cause," and this is not done unless the parties to it are named.

A departure from the rule might lead to very loose practice, and perhaps to abuses. We think it more safe to adhere to the established practice in this respect; and have used this occasion to state it the more fully, in order that the members of the bar and the clerks of the courts may in future avoid mistake.

The motion to docket and dismiss in this case is overruled.

## *Order.*

*Francis O. J. Smith, Appellant,* v. *Joseph W. Clark et al.*

Mr. Woodbury, having filed and read the following certificate, viz.: —

> " United States of America, ⎱
>    Massachusetts District,   ⎰ *ss*

" I, Isaac O. Barnes, Clerk of the Circuit Court of the United States for the First Circuit and District of Massachusetts, do hereby certify, that in a certain cause pending in said court, wherein Francis O. J. Smith was complainant, in equity, and Joseph W. Clark et al., were respondents, a final decree in said cause was made by the court on the seventeenth day of October, A. D. 1850, in favor of the said Joseph W. Clark et al., respondents, as aforesaid, — whereupon an appeal was prayed by the said Francis O. J. Smith, complainant, as aforesaid, on the said seventeenth day of October, A. D. 1850, and, on the thirtieth day of said October, A. D. 1850, the said Francis O. J. Smith, complainant, as aforesaid, filed a bond with sureties in the sum of one thousand dollars. And thereupon the execution of the said final decree was suspended, and the said appeal has operated as a *supersedeas* in said cause.

> " In testimony whereof, I have hereunto set my hand and affixed the seal of the said Circuit
> [Seal.] Court, at Boston, this thirtieth day of December, A. D. 1851, and the Independence of the United States of America the seventy-sixth.

" Isaac O. Barnes, *Clerk.*"

now here moved the court to docket and dismiss this appeal under the 43d rule of this court. On consideration whereof, it is the opinion of this court that the titling of the case in the certificate is too vague and uncertain: Whereupon it is now here ordered by the court that the said motion be, and the same is hereby overruled.