78 U.S. 82 (1870)
11 Wall. 82
THE PROTECTOR.
Supreme Court of United States.

*83 Mr. Phillips, for the appellees, now moved to dismiss the case for want of jurisdiction.
Mr. Blount, contra, opposed the motion, and moved on his side.
*86 Mr. Justice NELSON had thus delivered it:
The motion made by the appellees to dismiss the case from the docket for want of jurisdiction, is grounded upon a defect of the title of the parties in the appeal as allowed. The title is, "William A. Freeborn & Co. v. The Ship Protector and owners." This defect in a writ of error has been held fatal to the jurisdiction of the court since the case of Deneale et al. v. Stump's Executors,[*] down to the present time.[] Nor can the writ be amended, according to repeated decisions of this court.[] The only question before us is, whether the same rule applies to appeals in admiralty. Originally, decrees in equity and admiralty were brought here for re-examination by a writ of error, under the twenty-second section of the Judiciary Act. This was changed by the act of March 3, 1803, by which appeals were substituted in place of the writs of error in cases of equity, admiralty, and prize; but the act *87 provides "that the appeals shall be subject to the same rules, regulations, and restrictions as are prescribed in law in cases of writs of error."
In Owings et al. v. Andrew Kincannon,[*] the appeal was dismissed because all the parties to the decree below had not joined in it. Chief Justice Marshall, in delivering the opinion of the court, referred to the case of Williams v. The Bank of the United States,[] which was a writ of error, where it was held that all the defendants must join, and applied the same rule to the case of an appeal. He cited the act of 1803, and observed that "the language of the act which gives the appeal appears to us to require that it should be prosecuted by the same parties who would have been necessary in a writ of error." But the case of Francis O.J. Smith, appellant, v. Joseph W. Clark et al.,[] is more direct to the point before us. It was a motion to docket and dismiss in the case of an appeal, under the 43d rule of the court. The certificate of the clerk, upon which it was founded, described the parties as in the title above. Chief Justice Taney, in giving the opinion of the court, stated that the certificate conformed to the rule in all respects but one, and that was in the statement of the parties. The respondents were stated to be Joseph W. Clarke and others, from which it appeared that there were other respondents, parties to the suit, who were not named in the certificate. He then referred to the case of a writ of error,[§] where it was held that all the parties must be named in the writ, and the name of one or more of them, and others, were not a sufficient description; and, also, to the case of Holliday et al. v. Baston et al.,[] where the same principle was applied to a writ of error docketed under the 43d rule, and observed the same reason for requiring all the parties whose interests were to be affected by the judgment, to be named in the writ of error, applied with equal force to the case of an appeal from a decree. And the motion to docket and dismiss for the above defect was overruled. The opinion of the court in the present case is, that no distinction in respect *88 to the question before us can be made between the case of an appeal under the act of 1803, and of a writ of error; and that the decisions referred to directing the dismissal of the latter from the docket for want of jurisdiction, apply with equal force to the former. This result disposes of the motions on the part of the appellant to amend the petition of appeal, citation, and bond, and also the motion to amend the libel.
MOTION TO DISMISS GRANTED.
Mr. Justice SWAYNE (with whom concurred Mr. Justice BRADLEY) dissenting:
I dissent from the conclusions announced by the court in this case. The defect objected to is, in my judgment, amendable under the 32d section of the Judiciary Act of 1789, and I think an amendment should be permitted to be made.
NOTES
[*] 8 Peters, 526.
[] The Heirs of Wilson v. The Life and Fire Insurance Company of New York, 12 Id. 140; Smyth v. Pevine & Co., 12 Howard, 327; Davenport v. Fletcher, 16 Id. 142.
[] Porter v. Foley, 21 Howard, 393; Hodge et al. v. Williams, 22 Id. 87.
[*] 7 Peters, 403.
[] 11 Wheaton, 414.
[] 12 Howard, 21.
[§] Deneale v. Stump, 8 Peters, 526.
[] 4 Howard, 645.