## MOORE *v.* SIMONDS.

1. Where the record shows who are the members of a partnership, in the name of which an appeal has been taken, — *Held,* that the defect may, under sect. 1005, Rev. Stat., be cured by an amendment substituting their names.

2. A mortgage of a vessel of the United States is not, as against the parties, and such persons as have actual notice thereof, rendered invalid by the failure to record it.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

Motion to dismiss the appeal and to affirm the decree below. The facts are stated in the opinion of the court.

*Mr. Richard De Gray* in support of the motion.

*Mr. Charles B. Singleton, contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

Technically, this appeal should have been taken in the names of the individual members of the commercial firm of John T. Moore & Co., instead of in the name of the firm, and because of such an irregularity an appeal was dismissed in the case of *The Protector*, 11 Wall. 82. That case was decided before the act of June 1, 1872 (17 Stat. 197, sect. 3, now sect. 1005, Rev. Stat.), allowing amendments of writs of error in certain cases, and it does not appear that the defect could have been remedied by reference to any thing in the appeal papers. Here, however, sect. 1005 was in force when the appeal was taken, and the bond shows that the firm in whose favor the appeal was allowed was composed of John T. Moore and John T. Moore, Jr. We are clear, therefore, that the defect is one that may be amended under the law as it now stands, and for that reason we will not dismiss the appeal. But on looking into the record we find that the only question involved is whether the lien of the appellants' mortgage on the steamboat "John T. Moore" is superior to that of another mortgage in favor of Swift's Iron and Steel Works and Dennis Long. From the findings of fact it appears that the last-named mortgage was executed Jan. 27, 1871; that it was signed and acknowledged by the owner of the boat in the presence of two witnesses, one of whom was a notary public; that the witnesses attested the execution of the mortgage, but the notary did not sign officially; that there was no other or further acknowledgment of the mortgage before a notary; and that this mortgage was not recorded in the office of the collector of customs where the boat was permanently enrolled. The mortgage to Moore & Co., the appellants, was executed Jan. 3, 1872, and was duly recorded in accordance with the act of Congress; but when it was taken, Moore & Co. had actual notice of the existence of that to the appellees. Upon this state of facts the court below held that the mortgage of the appellants was inferior in lien to that of the appellees; and this was so clearly right, that we are not inclined to hear an argument upon the question.

The act of Congress relied on by the appellants is now found in sects. 4192 and 4193 of the Revised Statutes. These, so far as they are material to the present inquiry, are as follows: —

"SECT. 4192. No bill of sale, mortgage, hypothecation, or convey-
ance of any vessel, or part of any vessel, of the United States, shall
be valid against any person other than the grantor or mortgagor,
his heirs and devisees, and persons having actual notice thereof,
unless such bill of sale, mortgage, hypothecation, or conveyance is
recorded in the office of the collector of customs where such vessel
is registered or enrolled. . . .

"SECT. 4193. . . . But no bill of sale, mortgage, hypothecation,
or conveyance or discharge of mortgage, or other incumbrance of
any vessel, shall be recorded, unless the same is duly acknowledged,
before a notary public or other officer authorized to take acknowl-
edgment of deeds."

To our minds, there is no doubt that Congress only intended
to require that a mortgage on a vessel should be acknowledged
for the purpose of authenticating it for record, and that as
between the parties, and as against persons having actual notice
thereof, it was valid without acknowledgment or record. As
this was the decision of the court below, we deny the motion
to dismiss, and grant that made under Rule 6, to affirm.

*Decree affirmed.*