THE CITY OF LINCOLN.

*(Circuit Court, E. D. Louisiana. December, 1883.)*

1. APPEAL—BOND—PARTIES.
   Where the appeal was taken and bond given before the decree below was made final by the signature of the judge, and where all parties against whom the decree below was rendered have not appealed nor severed, and where the motion and order for appeal were not taken against any of the numerous libelants by name, and where no bond was given in favor of any other than one of the libelants, and the judgment below in his favor was only for $40, not sufficient to give jurisdiction to this court, the appeal will be dismissed.

2. SAME—AMENDMENT OF PROCESS.
   On appeal from district to circuit court defective process cannot be cured by amendment.

On Motion to Dismiss Appeal in Admiralty.

*Richard De Gray,* for libelants and appellees.

*Emmet D. Craig,* for claimants and appellants.

PARDEE, J. The appeal bond in this case is irregular and defective, (1) because the appeal was taken and bond given before the decree below was made final by the signature of the judge; (2) because all parties against whom the decree below was rendered have not appealed, nor have they severed; (3) because the motion and order for appeal were not taken against any of the numerous libelants by name; (4) because no bond was given in favor of any other libelant and appellee than Daniel Kelly, and the judgment below in his favor was only $40, not an amount sufficient to give appellate jurisdiction.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

It may be said that the first three grounds are not sufficient to enable the court to say that there is no appeal. There may be no rule of the district court (although the custom is invariable) requiring decrees to be signed by the judge; but see Betts, Adm. 98. The steam-ship company may be the only real party interested in the decree below, to be determined by examining the record. No motion for appeal may be necessary where notice is given and a proper bond given.

The fourth and last ground, however, is too serious to be explained away. I take it that the bond in the case is the real and only appeal process which in this case, at least, brings the case to this court. The decree below was in favor of some 20 odd libelants by names, for various sums. The appeal bond is in favor of Daniel Kelly and intervening libelants, without naming any one. The rule is well settled that such appeal process is defective. It must name all the persons which the appeal is intended to bring before the court; otherwise there can be no decree for or against them. See *Smith* v. *Clark*, 12 How. 21; *Deneale* v. *Stump* 8 Pet. 526; *Holliday* v. *Batson*, 4 How. 645.

Suggestion has been made that the court can grant leave for appellant to amend, but I do not know of any authority for the court to make such order where the effect would be to bring new parties before the court. There is no sufficient bond in this case to bring the parties here for the court to act upon them for any purpose.

The appeal will be dismissed.

---

[1] Reported by Joseph P. Hornor, Esq , of the New Orleans bar.