## GUMBEL *v.* PITKIN & others.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF LOUISIANA.

Submitted January 26, 1885.—Decided March 2, 1885.

A writ of error will not be dismissed for want of jurisdiction by reason of failure to return with it an assignment of errors. *Ackley* v. *Hall*, 106 U. S. 428, affirmed.

When a third party intervenes in a pending suit, to claim property in the custody of the marshal by virtue of a writ of attachment issued therein, a judgment dismissing his intervention is final as to that issue; and one distributing the proceeds of the property to other parties is also final.

When a writ of error gives the names of all parties as they are found in the record of the case in the court below, and there is nothing in the record to show that there were other parties, the writ is sufficient, even if the defendants in error are there described by firm names, as A. B. & Co., &c. This case distinguished from *The Protector*, 11 Wall. 82.

Motion to dismiss and affirm. The grounds of the first motion were, (1) That no copy of the writ had been lodged with

the clerk; (2) That no assignment of errors was transmitted with the record; (3) That the writ of error did not set forth the names of the members of the firms mentioned in the writ as defendants, and there was nothing in the record by which the irregularity could be corrected; (4) That the judgment appealed from was not a final judgment.

*Mr. Thomas J. Semmes* in support of the motion to dismiss. —1. The failure to serve the writ of error by lodging a copy with the clerk, entitles defendants to dismiss. *Wood* v. *Lide,* 4 Cranch, 180. 2. The new rules adopted in January, 1884, are evidently designed to enforce Section 997 of Revised Statutes. Rule 8, § 1; Rule 21, § 4. *Micas* v. *Williams,* 104 U. S. 556. 3. The failure to state the names of the defendants in error is fatal, especially as the irregularity cannot be cured by an inspection of the record. *The Protector,* 11 Wall. 82. The right to amend, secured by Section 1005 of the Revised Statutes, is not absolute; it is within the discretion of the court, and the exercise of the discretion depends on the particular circumstances of the case. *Pierson* v. *Yewdall,* 95 U. S. 294; *Moore* v. *Simonds,* 100 U. S. 145. 4. The plaintiff in error intervened in the United States Circuit Court in the suit of *Hoffheimer Bros.* v. *Dreyfus* to assert his rights to a fund in the hands of the Marshal; he claimed to be paid out of the funds in preference to other creditors, because he had made the first seizure of the goods, the sale of which had produced the fund. A judgment in such a case cannot be reviewed on writ of error. *Curtis* v. *Petitpain,* 18 How. 109. *Bayard* v. *Lombard,* 9 How. 530.

*Mr. Charles F. Buck,* and *Mr. George H. Braughn,* opposing.

MR. JUSTICE MILLER delivered the opinion of the court.

A motion is made to dismiss the writ of error in this case on the following grounds:

1. The writ of error was never served by lodging a copy thereof with the clerk of the court.

2. No assignment of errors was transmitted with the record, as required by the rules of the court and by § 997 Rev. Stat.

3. The writ of error does not set forth the names of the members of the several firms mentioned in the writ as defendants, and there is nothing in the record by which this irregularity may be corrected.

4. The original petition demands restoration of the goods seized by the marshal to the sheriff, on the ground of previous seizure by that officer under an attachment emanating from the State court; the amended petition abandons that ground, and goes for priority in the distribution of the proceeds of sale in the marshal's hands, the result of an order of sale *pendente lite;* such a petition is a mere rule or motion for distribution of proceeds, and a judgment rendered thereon is not reviewable by writ of error.

As to the first of these, it appears to be unfounded in fact, as the record now before us shows that the writ was filed in the Circuit Court June 14, 1884, and is so marked over the signature of the clerk.

The second ground is met by the decision of this court in the case of the *School District of Ackley* v. *Hall*, 106 U. S. 428, where it is said that a writ of error will not be dismissed for want of jurisdiction by reason of a failure to annex thereto or return therewith an assignment of errors pursuant to the requirements of § 997 Rev. Stat. Nor does Rule 8 require a copy of assignment of errors in the transcript when no such assignment was filed in the court below.

The fourth ground of dismissal is equally untenable.

The record shows that a large number of the creditors of Joseph Dreyfus, of the city of New Orleans, sued him in the Circuit Court of the United States, and in those actions, or in one of them, a writ of attachment was issued and levied on the goods of Dreyfus by the marshal, who took possession of them.

In this action Gumbel intervened by petition, as he was authorized to do by the laws of Louisiana, and by the decision of this court in *Freeman* v. *Howe*, 24 How. 450, alleging that a seizure under a writ of the State court in his favor had been made by the sheriff before the marshal's levy, and he claimed

a priority of lien on those goods. The goods were sold under an order of the Circuit Court *pendente lite*, and the proceeds distributed to other parties, and Gumbel's intervention dismissed on the ground that the sheriff had made no seizure prior to that of the marshal.

The order dismissing Gumbel's intervention disposes of his rights, and is a final judgment as to that issue, as to which he has a right to a writ of error. The order distributing the proceeds of the sale is also final, as it disposes of the fund.

As regards the third ground for dismissal the case is not so clear.

This court has undoubtedly, from the case of *Deneale* v. *Stump*, 8 Pet. 526, to that of *The Protector*, 11 Wall. 82, held that all the parties to the judgment must be named in the writ of error, and that the use of the name of one of the parties, with the addition of the words, "and others," as "Joseph W. Clark and others," does not satisfy the requirement, but on the contrary shows that there were parties to the judgment or decree in the inferior court who are not named in the writ. It is upon this ground that the judgment in the case of *Smith* v. *Clark*, 12 How. 21, is distinctly placed by Chief Justice Taney in the opinion.

In the case of *The Protector*, 11 Wall. 82, the appeal was taken in the name of William A. Freeborn & Co., while the record showed that William A. Freeborn, James F. Freeborn, and Henry P. Gardner were the libellants.

In this court counsel insisted that the objection was not fatal, and that the appeal might be amended, but the court held otherwise and dismissed the appeal.

In the present case the defendants are named in the writ in almost every instance by such designations as B. Dreyfus & Co., Corning & Co., John Osborn, Son & Co., and so on.

We should have no hesitation now, under § 1005 of the Revision, which section became a law by the act of June 1, 1872, after the case of *The Protector* was decided, to permit the plaintiff in error to amend if there was anything to amend by.

But the transcript of the record before us shows that these parties came into the Circuit Court as defendants or intervenors,

and prosecuted their rights throughout the whole proceedings by the designations applied to them in this writ of error and by no other names whatever.

No amendment of the writ to remove this difficulty can, therefore, be made from the record before us.

If the plaintiff in error has a just foundation for his assertion of error in the judgment against him, it would be a great and apparently irremediable injustice to dismiss his writ. The present case differs from that of *The Protector*, the latest on the subject, for, in that case, the record showed that William A. Freeborn, James F. Freeborn, and Henry P. Gardner were the libellants whose libel was dismissed, and no good reason is to be seen why they did not bring their appeal in those names instead of William A. Freeborn & Co.

In the case of *Smith* v. *Clark*, the objection relied on in the opinion of the court, 12 How. 21, is, that this form of appeal showed to the court that there were other parties to the decree below not named, and, therefore, not brought before this court by the appeal.

Neither of these cases cover the present. In this case the plaintiff in error gives his own full name and he is the only plaintiff. He describes in his writ of error all the parties opposed to him, by the names and designations which they gave themselves in their pleadings, motions, and proceedings in the court below, and by which they are mentioned in the judgment which distributes to them the money that he asserts should rightfully go to him. We are not advised, as in the Freeborn case, by the record that the appellants had other names than Freeborn & Co., nor, as in the Darneal case, that there were others who were attempted to be made parties by that word, with no other designation.

We think that, where the writ gives all the names of the parties as they are found in the record of the case in the Circuit Court, and where there is nothing to show that any other person was a party than such as are so named, this court is not at liberty to indulge the presumption that there were others who were parties, when such presumption is not founded on anything in the record and would lead to a manifest injustice.

The motion to dismiss is overruled, and the case is one to be heard on the merits, and not to be affirmed on motion.

*Both motions are denied.*