THE NATCHEZ.[1]

VAN HORN v. THE NATCHEZ.

(*Circuit Court, E. D. Louisiana.* January 27, 1886.)

1. ADMIRALTY—PRACTICE—MOTION TO DISMISS APPEAL.

Where an appeal in admiralty has been taken by petition and citation, and the appellee has been served with notice and appeared in the circuit court, the appeal has a standing irrespective of the bond. *The City of Lincoln,* 19 Fed. Rep. 460, distinguished.

2. SAME.

The appearance of the appellee, and his participation in taking evidence in the appellate court, estop him from denying that there is a valid appeal pending. If, in the opinion of his proctor, another and more specific bond is necessary for the due prosecution of the appeal, the appellants will be directed to furnish one.

Admiralty Appeal. On motion to dismiss.

*Ernest B. Kruttschnitt,* for libelant.

*O. B. Sansum,* for claimant.

PARDEE, J. This case has been submitted on a motion to dismiss the appeal on the grounds that (1) there has been no bond given in this cause to the claimant; (2) the bond given in this cause is not such as the law demands.

The bond given is in favor of "the owner of the steam-boat Natchez, claimant." The record discloses that Thomas P. Leathers is the owner of the Natchez, and is the sole claimant in the case. It is urged that the bond should have been in favor of the claimant by name, and that the defect is fatal to the appeal. The record further discloses that the appeal was allowed after term on a petition; that citation issued and was served on proctor for claimant, the claimant himself being absent from the district; and the proceedings in this court show an appearance by proctor for Leathers, claimant, and evidence taken, prior to the motion to dismiss.

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

The case of *The City of Lincoln*, decided by this court in 1883, and reported in 19 Fed. Rep. 460, and a late decision in this court in the case of *Mason* v. *Ervine, ante*, 240, are relied on to sustain the motion to dismiss. In *The City of Lincoln, supra*, a number of libelants, with separate interests, had joined in a libel, and all had recovered judgment in various sums in the district court. The motion for appeal was against Kelly and others, and the bond was in favor of Daniel Kelly and intervening libelants. In *Mason* v. *Irvine* the suit was against a large number of persons; the motion for appeal was entitled in no particular case; the bond was entitled in the case of "*J. L. Mason* v. *John Irvine et al.*," and was in favor of "John Irvine *et al.*, the respondents 'above mentioned.'" In each case it was held that the bond was apparently the only appeal process to bring the case to this court, and as that was defective, upon the adjudged cases of *Smith* v. *Clark*, 12 How. 21; *Deneale* v. *Stump*, 8 Pet. 526; *Holliday* v. *Batson*, 4 How. 645; and *The Protector*, 11 Wall. 82,—it was decided that there was no appeal against any other party than the one mentioned specifically in the bond; and, further, that no amendment could be allowed, the effect of which would be to bring new parties into the case on appeal. The present case is entirely different. An appeal has been taken by petition and citation, the party has been served with notice and has appeared, and the appeal has a standing irrespective of the bond.

In *Peugh* v. *Davis*, 110 U. S. 227, S. C. 4 Sup. Ct. Rep. 17, and in *Dodge* v. *Knowles*, 114 U. S. 430, S. C. 5 Sup. Ct. Rep. 1197, it was held that where a valid appeal has been taken either by motion, or by petition and citation, that the giving of the bond was not essential to the taking, though it might be to the due prosecution of the appeal, and that, in proper cases, the supreme court would give permission to supply the defective bond before dismissing the appeal. Under sections 1005 and 1012 of the Revised Statutes the supreme court can undoubtedly allow an amendment in an appeal process when the statement of the title of the action or parties thereto is defective, if the defect can be remedied by reference to the accompanying record. Whether the circuit courts have such power, or are hampered, as was the supreme court prior to the enactment of section 1005, (see *The Protector*, 11 Wall. 82; *Moore* v. *Simonds*, 100 U. S. 145; *Gumbel* v. *Pitkin*, 113 U. S. 545; S. C. 5 Sup. Ct. Rep. 616,) is at best doubtful, and in the present case it is not necessary to decide.

The appearance of the claimant, and his participation in taking evidence in the court, estop him from denying that there is a valid appeal pending. If, in the opinion of his proctor, another and more specific bond is necessary for the due prosecution of the appeal, the appellants will be directed to furnish one; but the motion to dismiss is denied.