## THE W. B. COLE.

### BAUMGARTNER v. THE W. B. COLE.

*(Circuit Court, S. D. Ohio, W. D.  February 23, 1892.)*

1. **MORTGAGE OF VESSEL—ACTUAL NOTICE.**
    A mortgage of a vessel is valid as against persons having actual notice thereof, though not recorded in the collector's office, as required by Rev. St. U. S. §§ 4192–4194.

2. **SAME—FAILURE TO INDEX.**
    Under those sections, a mortgage which is actually recorded is constructive notice, though it has not yet been indexed.

3. **SAME—ACTUAL NOTICE—PRIOR BONA FIDE PURCHASER.**
    Where one purchases a vessel with either actual or constructive notice of a mortgage, it will not be presumed in his favor that his vendor, who purchased before the mortgage was recorded, was a *bona fide* purchaser without notice, and the burden is on him to show that fact.

4. **SAME—ASSIGNEE OF MORTGAGE—PRIOR EQUITIES.**
    One who takes a mortgage of a vessel by assignment after the recording of a mortgage of earlier date cannot protect himself from the priority of its lien, except by clearly showing that some one of the owners of the vessel through whom he acquired his lien was a *bona fide* purchaser without notice.

In Admiralty. On appeal from district court. Libel by Leo Baumgartner against the steam-boat W. B. Cole. Decree below affirmed.

*Miner & Carroll,* for appellant.
*John F. O'Connell* and *Philip Roettinger,* for appellee:

JACKSON, Circuit Judge. The question presented by the appeal in this case is simply one of priority between two intervening claimants to a surplus in the registry of the court arising from the sale of the steamboat W. B. Cole, which has been seized and sold to satisfy and discharge certain maritime liens which are not in controversy. The surplus fund arising from the sale of said steam-boat is claimed by the intervening libelant and appellant, F. J. O'Connell, under a mortgage executed by one William H. Wright, as owner of the boat, to B. B. Bradley, to secure the payment of $1,300 evidenced by said Wright note to said Bradley, bearing date March 7 or 8, 1890, and due 30 days after date, which Bradley, before maturity, transferred and assigned with the mortgage to said O'Connell. The other claimant to the fund, or a portion thereof, is the appellee C. M. Pate, who held a mortgage upon an undivided half interest in the said W. B. Cole, to secure the payment of notes for about $1,000. The district court adjudged Pate's lien upon one-half the surplus to be superior to that of O'Connell, and the present appeal is prosecuted to reverse that decree.

The material facts of the case are these: C. M. Pate and B. B. Bradley were, in 1889, the joint and equal owners of the steam-boat W. B. Cole. In May, 1889, Pate sold his one-half interest in the boat to John Erhman, Jr., for part cash, and for the balance of $1,000, taking the notes of said Erhman, with mortgage on the one-half interest in the boat to secure the payment of the same. This mortgage was left for record at the collector's office on the day of its execution. The collector failed to indorse upon it the date when received, and neglected to record it until March 6, 1890, when it was duly recorded, but was not indexed until some time after March 28, 1890. B. B. Bradley knew of Pate's sale to Erhman, and of the latter's mortgage upon a half interest in the boat to secure the payment of the notes given Pate for the deferred payments of purchase money. Bradley was also present when Pate left or filed said mortgage with the collector for record. Early in January, 1890, said Erhman sold and transferred his undivided half interest in the steam-boat to said Bradley, who thereby became the sole owner of the W. B. Cole. On the 17th January, 1890, Bradley sold the boat to the Moscow & Cincinnati Tow-Boat Company. On the 7th of March, 1890, said Moscow & Cincinnati Tow-Boat Company sold the boat to William H. Wright, who on the same day mortgaged it to said B. B. Bradley, to secure the payment of a 30-day note for $1,300, which note Bradley, before maturity, indorsed and transferred to appellant O'Connell. The Wright mortgage to Bradley, under which O'Connell claims priority, was executed and filed and noted for record a day or two days after the Erhman mortgage to Pate was actually recorded.

The contention of the appellant is that, under sections 4192–4194 of the Revised Statutes of the United States, the Pate mortgage could not and did not become a lien upon the half interest in the boat until

it was actually recorded and indexed. Section 4192, Rev. St., provides that "no bill of sale, mortgage, hypothecation, or conveyance of any vessel of the United States shall be valid, against any persons other than the grantor or mortgagor, his heirs or devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation, or conveyance is recorded in the office of the collector," etc. Section 4193, Rev. St., directs the collector to record all such bills of sale, mortgages, etc., in the order of their reception, noting in the record book, and also upon the instruments, the times when received or filed. Section 4194, Rev. St., requires the collector to make and keep an index of such records, etc. We have not been cited to, nor have we been able to find, any direct ruling by the supreme court upon the question whether, under these provisions of law for the recording of mortgages upon vessels of the United States, such mortgages are considered or deemed recorded when or at the time of being filed with the proper officers. Decisions of the state courts under their recording acts, which vary greatly in their provisions, are so conflicting on the question as to afford no safe guide in determining whether the filing for record is equivalent to actual recording. There is no rule or theory by which the decisions can be harmonized, as they rest so largely upon the particular language of the respective recording acts on which they are based. Much may be said on both sides of this question, under the foregoing provisions of the United States Revised Statutes. But we do not deem it necessary, in the present case, to go into that question, although the court below rested its judgment upon the ground that the Pate mortgage became a lien from May 8, 1889, the day it was filed with the collector.

It is settled by the decision in *Moore* v. *Simonds*, 100 U. S. 145–147, that Pate's mortgage was not rendered invalid, as against parties having notice thereof, by the failure of the collector to record it. In that case it is said by the court "that congress only intended to require that a mortgage on a vessel should be acknowledged for the purpose of authenticating it for record, and that as between the parties, and as against persons having actual notice thereof, it was valid without acknowledgment or record." Now, it was found by the special master to whom the claims were referred for investigation and report thereon, and there is nothing to contradict his findings, that Pate's mortgage was duly executed, acknowledged, and filed for record May 8, 1889, and that Bradley, the joint owner of the boat, knew of the mortgage, and was present when it was filed with the collector. It is perfectly clear, therefore, that when said Bradley, in January, 1890, purchased said Erhman's half interest in the boat, he took that interest subject to the prior lien of the mortgage to Pate. It does not appear from the report of the special master whether the Moscow & Cincinnati Tow-Boat Company, to whom the boat was sold by said Bradley on January 17, 1890, was a *bona fide* purchaser thereof for value, and without notice or knowledge of said mortgage. Nor does it appear from said report or otherwise, in the record submitted to this court, that William H. Wright, to whom the Moscow

& Cincinnati Tow-Boat Company sold the boat on March 7, 1890, was such a purchaser for value and without notice of said Pate mortgage. It is, however, clearly established, and so reported by the special master, that the Pate mortgage was duly recorded on March 6, 1890, and, whether then indexed or not, that record was constructive notice to said Wright, when he purchased, on the 7th March, 1890, of Pate's prior lien under the Erhman mortgage of May 8, 1889. But it is said that this constructive notice should not affect the title in Wright's hands, because he purchased from the Moscow & Cincinnati Tow-Boat Company, who was an innocent purchaser for value, without notice, previous to March 6, 1890. As already stated, there is nothing in the findings of the report to support the position that the Moscow & Cincinnati Tow-Boat Company was an innocent purchaser for value without notice of the mortgage to Pate. It is not to be assumed in favor of Wright, who purchased with constructive, if not actual, notice of Pate's mortgage, that his vendor was a purchaser for value and without notice. When he, or those claiming under him, invoke the benefit of the principle that a purchaser with notice, actual or constructive, is protected by his vendor's want of notice, it must be distinctly and clearly shown that such vendor was an innocent purchaser for value without notice. That fact will not be presumed, but must be established affirmatively. It has not been established in this case, and it consequently follows that the title which Wright acquired to the steam-boat by his purchase on March 7, 1890, was subject to the Pate mortgage.

But aside from this view of the subject, which would prevent Wright from avoiding the force and operation of the constructive notice of Pate's mortgage created by its registration on March 6, 1890, and render the title acquired by him subordinate thereto, how stands the case when Bradley took or reacquired the title from Wright on the 8th March, 1890? Bradley, in taking title to the boat by way of mortgage to secure payment of the $1,300 note executed by Wright, had both actual and constructive notice of Pate's mortgage. He, after buying Erhman's half interest early in January, 1890, owned the entire vessel, and held it subject to the lien of the mortgage to Pate. When the title was revested in him under the mortgage from Wright, why should not Pate's equity and lien reattach to the vessel as against him? Bradley could not possibly have defeated or acquired priority over Pate's mortgage, of which he had both actual and constructive notice when he took the mortgage from Wright, without showing that said Wright or the Moscow & Cincinnati Tow-Boat Company was such an innocent purchaser for value, without notice, as purged away the equity or lien of the Pate mortgage from the vessel. What Bradley would have been required to establish, in order to have his mortgage outrank that of Pate, his assignee, O'Connell, should be required to show; for O'Connell having taken the assignment and transfer of the note and mortgage after the record of the Pate mortgage, and therefore with constructive notice of its existence, can only be allowed to protect himself against its priority by clearly establishing the superior equity of some prior vendor, under whom he, or

those to whose rights he has succeeded, held the vessel. Pate's lien is prior in date to the Bradley mortgage, under which O'Connell claims. It was also first recorded, and the priority of lien thereby conferred and acquired is only to be defeated by an affirmative showing on the part of the appellant that some one or more of the owners or purchasers of the vessel through or under whom he acquired his title or lien were such *bona fide* purchasers for value, without notice, as to cut off and defeat Pate's lien. Neither the intervening petition of appellant nor the findings of the special master's report make out such a showing.

There is no error in the judgment of the lower court, and the same is affirmed, with costs of this court to be taxed against appellant and sureties on bond for appeal. The appellee, Pate, will be allowed interest on the amount awarded him, and the cause will be remanded to the district court to proceed with the distribution of the funds in the registry of that court arising from the sale of the W. B. Cole, in conformity with its decree in the premises, and with an allowance to Pate of interest on the same, to be decreed to be paid to him since date of said decree.