## In re WOERISHOFFER et al.

(Circuit Court of Appeals, Fifth Circuit. May 25, 1896.)

### No. 507.

PRACTICE ON APPEAL—PARTIES—SUPERSEDEAS.

R. and S., alleging themselves to compose the firm of W. & Co., applied to the circuit court of appeals for an order staying the execution of six several decrees rendered in a cause in the circuit court, on the ground that they had taken an appeal and given bond. The record did not disclose that they were parties or privies to the suit, although it showed that certain parties had been allowed an appeal from a part of the decrees, and that later, and after the term, an appeal bond naming W. & Co. as a principal had been approved, reciting that W. & Co., among others, "have prosecuted an appeal to reverse the decree." *Held*, that as the bond did not show the names of the individuals composing the firm, nor that W. & Co. was a party or privy, nor that it was approved during the term, nor any particular decree appealed from, nor any citation, the applicants had not taken any appeal, nor given any such bond as to operate as a supersedeas, and that the order applied for should be denied.

S. W. Jones and E. B. Kruttschnitt, for petitioner.
W. C. Oliver, for respondent.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge. F. C. Renner and H. Summerhoff, alleging themselves to be citizens of the state of New York, and composing the firm of Woerishoffer & Co., apply to this court for an order directed to the circuit court for the Eastern district of Texas, prohibiting the execution of certain decrees rendered in that court on November 4, 1894, and on the 25th, 26th, 28th, 29th, and 30th of October, 1895, respectively, and on the 12th of November,

1895, and particularly the distribution of funds thereunder, in the case of John W. Smith v. The Texas & Western Railway Company et al., on the docket of said court, on the ground that said Woerishoffer & Co. had taken an appeal from said decrees, and given proper supersedeas bond within the delays allowed by law and the rules of court. The record presented does not show that either Woerishoffer & Co. or the individual members of that firm were parties or privies to the suit, but does show that they first made application for an appeal on the 23d day of January, 1896, more than 60 days, exclusive of Sundays, after the rendition of the last decree above mentioned; that even then their application was accompanied by no bond for a supersedeas, nor by any assignment of errors; and that the application was referred by the district judge to one of the circuit judges, who, on the 17th day of April, 1896, granted an appeal from the above-mentioned decrees, which order was followed on April 27, 1896, by the filing of a bond and the issuance of citations. It is true the records of this court show that within the 60 days following the 25th of October, 1895, one Elijah Smith and the Texas Western Railway Company, parties to the suit, on motion in open court, were allowed an appeal from the decrees of the 25th, 26th, 28th, 29th, and 30th of October, 1895; and on the 27th day of November an appeal bond was filed, which was approved by the district judge acting in the circuit court, but after the adjournment of the term, which bond names Woerishoffer & Co. as a principal, and recites that Woerishoffer & Co., among others named, "have prosecuted an appeal to reverse the decree rendered in the above-entitled cause," but does not specify any particular decree of the many decrees rendered in the cause. This bond was accompanied with no citations nor by any assignment of errors. The appeal taken by Elijah Smith and the Texas & Western Railway Company was afterwards docketed and dismissed in this court for want of prosecution.

An appeal sued out in the name of a firm, but not giving the names of the individuals who compose the firm, must be dismissed (The Protector, 11 Wall. 82), unless it can be amended by the record (Moore v. Simonds, 100 U. S. 145). A person not a party or privy cannot appeal. Bayard v. Lombard, 9 How. 530; Ex parte Cockcroft, 104 U. S. 578; Ex parte Cutting, 94 U. S. 14; Guion v. Insurance Co., 109 U. S. 173, 3 Sup. Ct. 108. An appeal may be perfected without a formal order allowing it. It is, in effect, allowed when the circuit judge takes security and signs citation. Brandies v. Cochrane, 105 U. S. 262. Where a bond for an appeal from a certain decree is approved in open court at the same term that the decree is rendered, no formal order or citation is necessary to perfect the appeal. Sage v. Railroad Co., 96 U. S. 714.

As the bond of November 27th, in which the firm of Woerishoffer & Co. is named, does not show the names of the individuals composing that firm, nor that Woerishoffer & Co. was in any wise a party or privy to the suit, nor that the bond was approved in open court during the term the decree appealed from was rendered, nor any particular decree as appealed from, nor any citation, we are

of opinion that in this present matter the applicants have not taken an appeal from any decree of the circuit court entered in the case of John W. Smith v. The Texas & Western Railway Company et al. within 60 days, exclusive of Sundays, from the rendition thereof; nor have they given any such bond within the delays allowed by law and the rules of court as to operate a supersedeas as to any decree rendered in said cause. The application is denied, and the temporary order issued dissolved, with costs.