In re WOERISHOFFER et al.

(Circuit Court of Appeals, Fifth Circuit. June 9, 1896.)

No. 508.

APPEAL—FINAL DECREE—ORDER FOR EXECUTION OF DECREE—RECEIVER'S CERTIFICATES—PRIORITY OF LIENS.

Holders of receiver's certificates, who were parties to the main cause in which the issuance of the certificates was directed, are bound by a final decree marshaling the liens and adjudging that current expenses of the receivership are entitled to priority over the certificates, and by subsequent decrees adjudging that the claims of certain interveners are for expenses of this character; and, having failed to take a timely appeal from such decrees, the holders of the certificates cannot appeal from a subsequent order, made at chambers in vacation, merely for the purpose of carrying out such former decree by directing the clerk to prepare checks on the registry in favor of the parties previously adjudged entitled to payment. Having been parties to the main cause, they cannot claim a right of appeal from such order on the ground that it was the first decree rendered contradictorily to them.

This was a petition by F. C. Renner and H. Somerhoff, composing the firm of Woerishoffer & Co., for a writ of mandamus to be directed to the judge of the circuit court for the Eastern district of Texas, requiring him to allow an appeal from a certain order therein specified.

E. B. Kruttschnitt, for petitioner.

W. C. Oliver, contra.

Before PARDEE and McCORMICK, Circuit Judges, and SPEER, District Judge.

PARDEE, Circuit Judge. The relators' petition shows that in a certain cause pending in the circuit court of the United States for the Eastern district of Texas entitled Smith v. Railway Co., 19 C. C. A. 681, 73 Fed. 1022, to which cause the petitioners were parties, a decree was rendered on the 28th day of April, 1896, and filed on the 2d day of May, 1896, directing a payment to sundry interveners of various amounts of money out of funds in the registry of said circuit court; that said decree was a final decree, and petitioners, conceiving themselves to be aggrieved thereby, did on the day the same was rendered apply to the trial judge for an allowance of an appeal to this court, but that the said judge did refuse to allow said appeal for the reasons set forth in the said final decree, of which a duly-certified copy is on file in the office of the clerk of this court, and is made a part of the petition; that thereafter petitioners again presented a petition for the allowance of such an appeal to operate as a supersedeas to another of the judges of said circuit court, who declined to consider the subject-matter of said petition for the reason that the same had already been considered, and the relief therein prayed for refused by the Honorable David E. Bryant, district judge, who had rendered the said decree; that when petitioners presented their applications for an appeal they stood ready and offered to give a bond, to be approved by the court, in such sum as the court might fix, and were ready to file an assignment of errors, and did actually present such assignment of errors with the petition presented in the last instance, and that petitioners are now ready and willing to give good and sufficient bond on such appeal; that the petitioners at the date of said final decree from which they ask for an allowance of an appeal were, and still are, the owners of certain debenture certificates issued, negotiated, and sold by the receiver in the above-entitled cause on and by virtue of orders of said circuit court of the face value of $28,000, on which nothing has been paid; and that the whole amount realized from the sale of the properties of the defendant company, and now in the registry of the court, amounts to about $12,000 or thereabouts, and the same is not sufficient to pay the persons whose claims are ordered to be paid by said final decree of April 29, 1896, and also pay petitioners. Other suitable allegations to obtain a mandamus were made in the petition, on which this court ordered an alternative mandamus to issue.

The judge of the circuit court has made return to the effect that the decree of April 29, 1896, was an order or decree rendered by the judge in chambers, in vacation, directing the execution of former final decrees rendered in the case, and was in no sense a final decree from which an appeal would lie; and that the rights of the petitioners, as holders of receiver's certificates, as against inter-

veners whose claims were ordered to be paid by preference, had been duly adjudicated in a decree granted in the circuit court for the Eastern district of Texas, November 9, 1894, and in other decrees rendered in said court on the 25th, 26th, 28th, 29th, and 30th of October, 1895, and on the 12th day of November, 1895. The return assigns other grounds why a mandamus should not issue in this case, but it is not necessary to consider them, because the above, if true, is sufficient.

The decree of November 9, 1894, was a final decree ordering the sale of the properties of the defendant railway company, and marshaling the proceeds to be derived from the sale thereof among the several creditors according to the priority therein declared. By this decree the expenses incurred by the receiver in the operation of the road then due and allowed and that might thereafter be allowed were entitled to payment before the debentures issued by the receiver. The decrees of October and November, 1895, were decrees establishing that the claims passed on in the several interventions were expenses incurred by the receiver in the operation of the railway property, and were charges and liens of the first class upon the property of the railway company, and directing they be paid as such. These decrees do not appear to have been superseded in any appeal therefrom. At the October term, 1895, Elijah Smith and the Texas Western Railway Company gave notice, in open court, of an appeal from the said decrees, and thereafter perfected an appeal to this court from the said several decrees. This appeal was subsequently docketed and dismissed in this court for want of prosecution. On the 17th of April, 1896, the present relators prosecuted an appeal from said decrees, which was allowed by one of the circuit judges, and duly perfected by bond and citation. Afterwards applications were made to this court for a supersedeas based upon the proceedings at the last term of the circuit court, and claiming that Woerishoffer & Co. had duly sued out and prosecuted an appeal within 60 days from the rendition of the aforesaid judgment. This application was lately denied. In re Woerishoffer, 74 Fed. 915. The order or decree of April 29, 1896, appears to have been rendered after notice to the parties by the district judge in chambers, in vacation, and the substance is that the clerk prepare checks on the registry of the court to be executed in the usual manner to the order of the solicitor of record, to pay the judgments on the interventions recited in favor of the parties named in the motion, and it is therein distinctly stated that this order is only intended to carry into effect a former final decree rendered in the cause. The argument in this court is that the relators, as holders of receiver's certificates, were not parties nor privies to the decree of November 9, 1894, and the subsequent decrees on interventions, and that the order or decree rendered on the 29th of April, 1896, is the first decree rendered contradictorily with them, and therefore the first decree affecting their certificates which they are called upon to notice. This argument is unsound, because the petition for mandamus herein alleges and admits that

the petitioners were parties to the main cause entitled Smith v. Railway Co., and the authorities are that, as holders of receiver's certificates, they were subject to the lis pendens, and bound by the final decrees rendered in the cause. Gordon v. Newman, 23 U. S. App. 660, 10 C. C. A. 587, and 62 Fed. 686. The alternative mandamus herein issued is discharged, and the petition is denied.