MARTHA DICK, a lunatic, by her trustee, JAMES BRADFORD,

*vs.*

STEPHEN DOUGHTEN, WILLIAM DOUGHTEN, ISAAC DOUGHTEN, BENEDICT DOUGHTEN, JOHN S. DOUGHTEN, JOSEPH WOLLASTON and ELIZABETH his wife, and STEPHEN DOUGHTEN and WILLIAM DOUGHTEN, administrators, *c. t. a.*, of WILLIAM DOUGHTEN, dec'd.

*New Castle, Feb. T.* 1827.

The equitable defence of a purchase of land for valuable consideration, without notice, may be made by answer as well as by plea; but such defence, when made by answer, must be alleged with the same fullness and precision as is required in a plea

It is not sufficient that in the answer it be stated only by way of recital, in connection with the statement of title, that the defendant purchased for a valuable consideration and without notice. The matter should be alleged, separately and distinctly from the statement of title; and insisted upon as a bar to the equity of the bill.

It is not sufficient to allege generally that the defendant purchased for a valuable consideration; but it must be specifically alleged of what the consideration consisted.

In the present case the statement by the answer that the defendant gave "a full, fair and just price for said tract of land without any notice, knowledge or belief that there existed any defect in the title of the same, or that the said tract of land was liable to any claim or demand of dower by the said M. D. (the complainant) or of any other person," is not sufficient (if excepted to) as a plea of purchase for a valuable consideration, without notice. But such an answer or plea, if not excepted to, will be taken as sufficient.

Under the defence of a purchase for value and without notice, the *onus* of proof is on the defendant. The acknowledgment in the deed of the receipt of a consideration is not evidence to support such a defence.

A plea of purchase for value and without notice is a bar only against an equitable and not against a legal claim. It is no bar against a bill for the assignment of dower, that being a legal title.

Upon a decree for the assignment of dower against a purchaser of land from the deceased husband and for an account of rents and profits, the purchaser is liable only for rents and profits which accrued subsequent to the date of his purchase. To support a claim by the widow for rents and profits from the death of the husband all the intermediate purchasers must be made parties to the bill.

The Act of Limitations will not be enforced in equity, unless it be insisted upon by plea or answer.

BILL IN EQUITY FOR THE ASSIGNMENT OF DOWER.—The case made by this bill was as follows:

James Dick, deceased, the husband of the complainant, was in his lifetime seised in fee simple of a certain tract of land, situate in New Castle county. About the 21st, of April 1803, he sold and conveyed the same to David L. Reece, the complainant being before and at the time of the sale and conveyance the lawful wife of the grantor, the said James Dick. The bill alleged that the complainant had not at any time released her dower in said land or barred herself thereof by any act or deed whatever. The title to the land was traced down by the bill, from David L. Reece to William Doughten, the present tenant and the defendant in this suit. James Dick, the husband, died on the 26th of December, 1803, leaving to survive him his widow, the complainant, and one daughter. William Doughten, the defendant, was in possession of the lands at the filing of this bill, and had been since the 21st of March, 1814. The prayer was that dower be assigned to the complainant out of the said tract of land, and that the defendants account with her for the rents and profits which may have accrued therefrom since the date of the death of the said James Dick.

The answer of the defendant admitted the seisin of James Dick, and that he had by deed, dated the 21st of April, 1803, sold and conveyed the premises to David L. Reece, in fee; and the several sales and conveyances of the same down to the conveyance made to the defendant on the 21st

41

of March, 1814, were also admitted; but in no one of them, as the answer alleged, was there any money consideration mentioned, or any other consideration. The answer did not admit that Martha Dick was, at the time of the sale and conveyance to David L. Reece, the lawful wife of James Dick. It further alleged that the defendant, " gave a full, " fair and just price for the said tract of land, without any " notice, knowledge or belief that there existed any defect " in the title to the same, or that the said tract of land was " liable to any claim or demand of dower by the complain- " ant, or any other person." The answer did not set forth of what the " full, fair and just price," alleged to have been given for the land consisted, whether of money, or of any thing else. The answer insisted that the complainant was never entitled to dower in the said land, or that if she ever had any right of dower in the same the right had been released or extinguished.

Issues were joined and depositions were taken on the part of the complainant, the defendant not joining in the commission.

The cause came first before the Chancellor, at the August T. 1822, for a hearing upon the bill, answer, exhibits and depositions. After the reading of the depositions taken on behalf of the complainant the defendant, by his counsel, prayed that an issue might be directed by the Chancellor, to be tried by a jury at the bar of the Court of Common Pleas, to find whether or not the complainant, Martha Dick, was the lawful wife of James Dick, on the 21st day of April, 1803, and continued to be the lawful wife of the said James Dick, until the time of his death. An issue was, thereupon, directed by the Chancellor accordingly; and the same was tried by a jury at the bar of the Court of Common Pleas, and returned and filed in this Court on the 28th of June, 1823. By the verdict of the jury upon said issue, it was found that the complainant was the lawful wife of the said James Dick, on the 21st day of April,

1803, the date of the conveyance of the land by James Dick to David L. Reece, and that she continued to be the lawful wife of the said James Dick, until the time of his death.

After the return of the verdict found upon the issue directed as aforesaid, the cause coming again before the Chancellor, on the 16th April, 1824, a decree was made that an account be taken of the rents and profits of the land.    Before any further proceedings were had William Doughten, the original defendant, died; whereupon, on the 25th of July, 1825, a bill of revivor was filed against Stephen Doughten, William Doughten, Isaac Doughten, Benedict Doughten, John S. Doughten and Joseph Wollaston and Elizabeth his wife, the said Stephen, William, Isaac, Benedict, John and Elizabeth being the children and heirs at law of the said William Doughten, deceased, and against the said Stephen and William as administrators, *c. t. a.*, of the decedent. An answer to the bill of revivor was filed and the original suit decreed to be revived.    On the 19th of July, 1826, a decree was made for the assignment of dower to the complainant, and commissioners to assign the same were appointed.    On the 5th of March, 1827, the commission with the assignment of dower was returned, and at the same time an account of the rents and profits, taken under a previous decree, was filed.

At this stage of the proceedings the cause came before the Chancellor for a final decree.    An objection to such decree was then for the first time taken by the counsel for the defendants, that William Doughten, the original defendant, was a purchaser of the premises for a valuable consideration and without notice.    A question was also raised whether, if the complainant were entitled to dower, her claim to rents and profits should run from the date of the decease of her husband, James Dick, or only from the date at which William Doughten became the purchaser of the land.

*Booth,* for the complainant.

The only question reserved, and to be determined upon this final hearing, respects the complainant's claim for rents. We insist that she is entitled to one third of the annual rents and profits which have accrued since the decease of her husband, who died December 26th, 1803. The law gives to the widow dower for her maintenance from the death of her husband, and the party in possession must account to her from the time her title accrued. It matters not that his own title accrued subsequent to her's. He should have secured himself against his grantor. The widow may recover her share of the rents and profits accruing prior to the time of making demand. *Curtis vs. Curtis,* 2 *Bro. Ch. R.* 620, cited 2 *Ves. Jr.* 126. No limitation bars the claim for rents upon an assignment of dower. *Oliver vs. Richardson* 9 *Ves. Jr.* 222.

*Rogers,* for the defendants.

The original defendant, William Doughten, was a purchaser for a valuable consideration and without notice, and in that character is, upon settled principles, entitled to the protection of a court of equity. · The allegation of the answer is full on this point, that " the defendant gave a full, fair and just price for the said tract of land without any notice, knowledge or belief that there existed any defect in the title to the same, or that the said tract of land was liable to any claim or demand of dower by the said Martha Dick, or by any other person." Such defence may be taken as well by answer as by plea. *Wyatt's Pr. Reg.* 22 : *Guard vs. Saunders* 2 *Ves. Jr.* 454 : *Williams vs. Lambe* 2 *Bro. Ch. R.* 264 : *Mitford's Pl.* 246.

As· to rents and profits—It is settled at law that damages, or rents and profits by way of damage, cannot be recovered before demand made. 3 *Levinz.* 409. In this

rule equity will follow the law. The demand in this case was the filing of the bill, no other being proved. As the case stands, therefore, the widow is entitled only from the date of filing the bill. But, even had a demand been earlier made, it could not have carried the claim for rents as against the original defendant to a date prior to the accruing of his title by purchase. The cases cited for the complainant were of claims against the heir at law, whose title accrues at the death of the ancestor. Again, the claim to rents from the death of the husband is defective for want of parties. All the intermediate holders of the land should have been brought before the Court. 3 *Bro. Ch. R.* 264. *Non constat* but that the prior holders may have paid the widow's annual rents. They should be here to answer. *Further*, we insist upon the Act of Limitations. At law, the action for mesne profits is limited to six years. So, by analogy, is an account for rents upon an assignment of dower in equity. 5 *Ves. Jr.* 744 : 4 *Bro. Ch. R.* 468 : 1 *S. & L.* 428. The complainant, though a lunatic, has had a trustee since the year 1807. There has been gross negligence.

*Wales*, for the complainant, in reply.

It is to late to take the defence of a purchase for value, without notice. There is no allegation in the bill putting this matter in issue. What is stated is only by way of recital. It is not, as it should have been, insisted upon as a defence against the equity of the bill. Throughout a long course of proceedings, involving the trial of an issue at law, this question has not before been raised. It is now too late. The dower has been already decreed, and assigned in execution of the decree. Were the question open, a purchase without notice would be no bar against a lunatic. Upon the proofs it does not appear that Dough_ten was without notice, but the contrary.

As to the widow's share of rents, she is entitled from the accruing of her title, and is not restricted to the time of demand made. She was a lunatic, incapable of making a demand, and her trustee had no knowledge of her title. The act of limitations does not apply, not being insisted upon in the answer.

Ridgely, Chancellor.—It is now for the first time objected in argument for the defendants, that William Doughten, was a purchaser without notice, for a valuable consideration. Had exceptions been taken to the answer it might have been doubted whether it was sufficient. After deducing the title from James Dick to Amasa Smith, it is then stated that " the said Amasa Smith, by a certain " deed of bargain and sale, duly executed by the said " Amasa Smith and Lucretia his wife, bearing date the " twenty first day of March, in the year of our Lord, one " thousand eight hundred and fourteen, sold and conveyed " the said tract to this defendant, his heirs and assigns; " that this defendant gave a full, fair, and just price, for " the said tract of land, without any notice, knowledge, or " belief that there existed any defect in the title of the " deceased, or that the said tract of land was liable to any " claim or demand of dower by the said Martha Dick, or " of any other person." A plea of purchase for valuable consideration, without notice, must aver the consideration and the actual payment of it. *Mitford, Pl.* 216 ; and Mitford cites, *Hardingham vs. Nicholls,* 3 *Atk.* 304, and *Maitland vs. Wilson,* 3 *Atk.* 814. In the latter case the defendant pleaded the purchase deed, the several sums which were the consideration, and among the rest, a sum of £4,958, money really paid. Lord Hardwicke says, " it " is pleaded in such a manner that it seems rather a recital " of the purchase deed ; whereas, it ought to have been " pleaded distinctly and separately from the recital ; and it " should have been averred by the plea, that the sum

" mentioned as the consideration in the deed was really and " *bona fide* paid. This being a plea to the relief, and not " to the discovery, if it was directed to stand for an answer, " without the words, " with liberty to except," it would " be establishing it as a good answer; and therefore to " prevent this, it is necessary these words should be added." That case shows that in an answer the consideration money must be averred to be paid, distinctly from the deed. And from 1 *Harrison's, Ch. Pr.* 224, it appears necessary to set forth in the answer, that the purchase was made for a real and valuable consideration in money paid. In *Gilb. Eq.* 57–58; *Mitford's, Pl.* 215–216; *Sugd. on Vend.* 553, 558, this subject is treated pretty much at large in relation to pleas. And it is evident from the case of *Maitland vs. Wilson,* that the answer must be full and particular; and, indeed, where the defence is made by answer, without a plea, it is necessary that there should be the same precision, and that all the matters making the defence should be as clearly and as explicitly stated, as in a plea. In this answer the defendant alleges that he gave " a full, fair and just price" for the said tract of land; but whether he ever paid a valuable consideration, or whether this price was given in money, or by exchange of lands, or in any other article, does not appear. A settlement in consideration of marriage is equivalent to a purchase for a valuable consideration and may be pleaded in the same manner. *Mitf. Pl.* 218; *Rep. Temp. Finch.* 9. But then the plea must set forth the settlement and the lands comprised in it, with sufficient certainty. *Mitf. Pl.* 219; *Atk.* 52. Even in the deed of Amasa Smith, said to have been made to Doughten, no valuable consideration is mentioned; and in pleading a deed of bargain and sale, if money or a valuable consideration i snot shown, it will be bad on demurrer. 2 *Com. Dig.* 66, *Bargain and sale.*( *B.* 12.) And in pleading a release in Chancery, the defendant must set out the consideration upon which the release was made. *Mitf. Pl.* 209. In this case

it is the essence of the defence, that a valuble considera-tion was paid by Doughten. This should not be shown only by recital of the deed ; but according to *Maitland vs. Wilson*, 3 *Atk.* 304, it should have been distinctly averred separately from the recital of the deed. The phrase," a full, " fair and just price for the land," may mean any adequate compensation; distinct from a valuable consideration.

However, this answer has not been excepted to, and it will be here taken as sufficient. It is now to be considered whether any proof has been made that William Doughten, gave a full, fair and just price for this land ; for the repli-cation puts the defendant upon proof of his answer. 1 *Harrison's Ch. Pr.* 407 : *Cooper's Equity*, 328. And so as to a plea. 3 *P. Wm.* 94. And the purchase for a fair price should be proved distinctly from the deed of Amasa Smith. That might be good evidence for the payment of any con-sideration therein mentioned between Smith and Dough-ten ; but it is not proof as between Doughten and Dick's widow, nor between Doughten and any third person.

On reading the depositions of the witnesses taken on behalf of the complainant, some of these speak of having heard that Doughten paid $3,000.00, for the lands ; and one of them heard Doughten say so ; but the declaration of Doughten, and the hearsay of others, is not evidence, and amounts to no proof of the payment by Doughten of a full, fair and just price for the land. Consequently, as there is no such proof, the defendant has failed in estab-lishing that fact, and of course a final decree must be made for the complainant.

I might here close this part of the case ; but two other points were made in the argument. *First*, on the part of the complainant, it was objected that the defendant could not make the defence, *by answer*, of his being a purchaser for a valuable consideration, without notice. The *second* point was, whether the defendant can avail himself, by

plea or answer, of his being a purchaser for a valuable consideration without notice, *as against a claim of dower* in the complainant.

*First*, I think a defendant may avail himself of this defence by answer as well as plea. The following authorities support this opinion:—1 *Harrison's Ch. Pr.* 244 : *Harris vs. Ingledon*, 3 *P. Wms.* 91, 95 ; 2 *Ves. Sr.* 492. Lord Hardwicke says, in *Chapman vs. Turner*, 1 *Atk.* 54, " the defence " proper for a plea must be such as reduces the cause to a " particular point, and from thence creates a bar to the " suit, and is to save the parties the expense of an exami- " nation ; and it is not every good defence in equity that " is good in a plea, for where the defence consists of a " variety of circumstances, there is no use of a plea ; the " examination must still be at large, and the effect of al- " lowing such a plea, will be, that the Court will give " their judgment on the circumstances of the case before " they are made out by the proof." In addition, Lord Redesdale's *Treatise on Pleadings*, 246, may be consulted on this subject. The defence in this case might, possibly, have been better made by a plea and by answer in support of the plea ; but I will not enlarge on this subject.

The *second* might have been much the most important point ; but from the failure of proof in the defendant, it is not of the first consideration in the cause. However, I shall not pass it by without notice. In *Williams vs. Lambe*, 3 *Bro. Ch. Rep.* 264, which was a bill for dower, and in which the defendant pleaded to the discovery and relief that he was a purchaser for a valuable consideration, without notice of the vendor being married, Lord Thurlow said, " the only question was, whether a plea of purchase " without notice would lie against a bill to set out dower ; " that he thought where the party is pursuing a legal title, " as dower is, that plea does not apply, it being only a bar " to an equitable, not to a legal claim." He therefore overruled the plea. Mr. Park, in his *Treatise on Dower*, 328,

42

says, the case of *Williams vs. Lambe* may be supported on
its particular circumstances, on the ground that the plea
covered too much, being to the relief as well as to the
discovery.    The dowress had a right to recover against
the purchaser at law, and if it be established that a court
of equity has a concurrent jurisdiction to assign dower,
such a plea to the relief would appear to be inexplicable;
although it might be good to the discovery, since the
relief prayed is not the assistance of the Court to enable
the dowress to make good her title at law, but merely to
give her the effect of a recovery at law.    It is, indeed,
noticeable that the observations of Lord Thurlow seem dis-
tinctly addressed to the plea, as a plea to the relief, and
his omitting to intimate that such a plea might be good as
to the discovery, may possibly be accounted for by the
consideration that in a case so circumstanced, a plea to
the discovery would almost unavoidably be over-ruled by
the answer.    Now, in the case of *Williams vs. Lambe,* I do
not perceive the ground for Mr. Park's distinction; for as
the case is reported by Brown, although Lord Thurlow's
remarks were addressed to the plea, yet they distinctly
state that the plea did not apply as a bar to a legal claim;
that dower was a legal claim, and therefore the plea was
over-ruled.    But suppose Mr. Park's distinction to be cor-
rect, this answer does not object to making the discovery;
and it does state the several deeds of conveyance, and
makes a full discovery as to the title; and then, as I clearly
understand it, the fact that the purchase for a full, fair and
just price, without any notice, knowledge or belief that
there existed any defect in the title, or that the said tract
of land was liable to any claim or demand of dower by
the said Martha Dick is opposed as a defence to the relief.
This is a legal, not an equitable title, and I should decree
in favor of the complainant, had the defendants supported
their answer by proof, unless the admission of the suffi-
ciency of the answer by not excepting to it might have

interposed a difficulty. As to the rents and profits, the decree will be confined to the 21st of March, 1814, the time of the purchase made by William Doughten. The other purchasers are not parties ; and whether the arrears of rent, or anything, was paid to this complainant previous to Doughten's purchase does not appear. If the complainant wished to go back to the death of the husband, all the purchasers antecedent to Doughten should have been made parties. As that has not been done, the account for the arrears of rents and profits will be limited to the date of his purchase. The Act of Limitations has not been pleaded nor insisted on in the answer, and therefore it can have no effect.