Felix Cieniewicz and Anna Cieniewicz, his wife,

*vs.*

Aleksander Sliwka and Maryanna Sliwka, his wife, and Stanislaw Boc and Stanislawa Boc, his wife.

*New Castle*, June 11, 1926.

*Horace G. Eastburn*, for complainants.

*Robert Adair*, for defendants.

THE CHANCELLOR. Concerning the doctrine of *bona fide* purchaser for a valuable consideration and without notice, *Pomeroy* in *Section* 754 of his *Treatise on Equity Jurisprudence* (*4th Ed.*) states two general rules as settled since an early day. These are, first, "that if a second purchaser for value and without notice purchases from a first purchaser who is charged with notice, he thereby becomes a *bona fide* purchaser, and is entitled to protection;" and second, "that if a second purchaser with notice acquires title from a first purchaser who was without notice, and *bona fide*, he succeeds to all the rights of his immediate grantor." The law is, says the author, that "when land comes, freed from equities, into the hands of a *bona fide* purchaser, he obtains a complete *jus disponendi*, with the exception last above mentioned, and may transfer a perfect title even to volunteers." The exception referred to is the case of where one holds a title affected with notice, conveys to another who is a *bona fide* purchaser, and afterwards takes a reconveyance to himself. The principle of the exception has no application to the facts of the pending case.

Under the rules thus laid down by Prof. Pomeroy and here accepted as authority, the complainants have no case if either the Kopanskis or the Bocs were *bona fide* purchasers for value and without notice of the outstanding contract in favor of the complainants.

It therefore becomes necessary to examine the evidence to see if either of the Kopanskis or the Bocs were such purchasers. The defendants contend they were, the complainants that they were not. On this disputed question of fact the burden of proof rests on the defendants. Though in some other jurisdictions it is held otherwise, yet in this jurisdiction the burden has been held to rest

on the defendants to sustain the defense of *bona fide* purchaser for value and without notice. *Dick v. Doughten*, 1 *Del. Ch.* 320.

That the defendants have successfully sustained this burden is a conclusion which a careful reading of the evidence impels. To prolong this opinion by a detailed discussion of the evidence and an examination of the arguments of the solicitor for the complainants in analyzing the same, would serve no useful purpose. Positive testimony from the lips of the Kopanskis and the Bocs is to the effect that purchase money was paid and no notice whatever was had concerning the contract between the complainants and the Sliwkas. I am asked to treat all of this testimony as perjured solely because of what are called the improbabilities of conduct detailed by it and because of some inconsistencies between the witnesses upon certain rather inconsequential particulars which, at the time of giving the testimony, were quite distant in point of time. Allowing the fullest weight to these things, the most they can be said to argue is that there was ground for suspicion concerning the *bona fides* of the transfers. The positiveness of the testimony touching price, payment and notice outweighs whatever suspicions may attach to the transactions and compels the conclusion that both the Kopanskis and after them the Bocs were *bona fide* purchasers for value without notice.

The foregoing disposes of the case and renders unnecessary a consideration of the defense of drunkenness.

Let a decree be entered dismissing the bill with costs on the complainants.