MARYLAND CREDIT FINANCE CORPORATION, a corporation of the State of Delaware, *v.* ROY J. CAMPBELL.

(*October* 4, 1937.)

SPEAKMAN, J., sitting.

*Frederick P. Whitney* and *Arley B. Magee, Jr.,* for plaintiff.

*Tunnell and Tunnell* for defendant.

Superior Court for Sussex County, Action of Replevin, No. 4, June Term, 1936.

SPEAKMAN, J., delivering the opinion of the Court:

By stipulation of counsel and the testimony of witnesses produced at the trial, it appeared that on March 18, 1935, the defendant, Roy J. Campbell, entered into a conditional sale contract with Joseph Motor Company for the purchase of one Ford Tractor Truck, for the sum of . $1202.00, of which $247.00 was paid in cash and the balance was evidenced by one note for $955.00 which was to be paid

in twelve monthly installments, one being for $80.50 and the other eleven being for $79.50 each. It was provided in the contract that the title to the truck should not pass to the purchaser until all installments of the note and other sums therein referred to, chargeable to the purchaser, were paid, with the right reserved by the seller to retake the truck in the event the purchaser defaulted in the payment of any indebtedness due to the seller, and that the truck would be kept at Milford, Delaware. That Milford lies partly in Sussex County and partly in Kent County, and that Milford as referred to in the contract meant that portion of Milford which is located in Sussex County. On the day of the execution of the contract it was duly assigned by the seller to the plaintiff, the Maryland Credit Finance Corporation.

The contract was filed in the office of the Recorder of Deeds for Sussex County, on March 23, 1935, in the manner and within the time provided by law. Up to the time of the trial in this cause it had not been filed in any other filing district in this State.

On March 19, 1935, a certificate of title to the truck was issued in the name of the defendant by the Vehicle Commissioner of the State, on which was shown a lien or encumbrance of $955.00 in favor of the plaintiff, which was duly entered in the Lien Register Book in the office of the Vehicle Commissioner.

Between April 22, 1935, and October 4, 1935, the defendant made six payments to the plaintiff, one of $80.50 and the others of $79.50 each, amounting in all to $477.00, which together with $247.00 paid in cash at the time of the execution of the contract aggregated $724.00, leaving a balance due on the contract and accompanying note of $478.00.

In December of 1935 the defendant made application

to the Joseph Motor Company for a reduction in the amount of his future payments, and during the same month a like application was made by both the defendant and Joseph Motor Company to the plaintiff.

The application was granted by the plaintiff, and as evidence thereof one of the plaintiff's conditional sale contract forms was used by the plaintiff, in which were entered in a blank space above the printed words "Name of Dealer (Seller)" the words "Joseph Motor Company." For the purpose of showing the amount due and the monthly payments the blank spaces in the contract form were filled in so that part of the contract form read "For a total time price of $584.50, payable as follows: $58.45 on or before delivery, leaving a deferred balance of $526.05, as evidenced by note payable * * * in installments of [$] 9 @ $58.45 on the same day of each successive month, or * * * and commencing January 18, 1936;" There were also entered therein after the printed words "Said property will be kept at the following address:" the words "Dover, Del." The contract form was dated Dec. 4, 1935 and was signed and sealed by the defendant. An assignment form attached thereto, in which the name of the plaintiff appeared as assignee, was signed by the Joseph Motor Company.

Neither this paper nor a copy thereof was ever filed in any filing district in this State.

Upon the change in the amount of the monthly payments the plaintiff closed on its books the original account against the defendant, and opened a new account following which, in its usual course of business upon closing of an account on its books, but without specific authority from the plaintiff, one of its employees caused the lien entered in the Lien Register Book in the office of the Vehicle Commissioner to be marked "Paid."

The original contract note was never returned to the

defendant, nor was the certificate of title issued in his name by the Vehicle Commissioner ever delivered to him. They were both retained by the plaintiff.

On April 7, 1936, an execution was issued to Walter S. Cubbage, a Constable of Kent County, by one of the Justices of the Peace of said County, on a judgment of record in his office in favor of James C. Donovan and against Roy C. Campbell, the defendant in this case. Thereafter the truck in question was levied upon pursuant to the command contained in the execution, and on May 4, 1936, the truck was sold by the Constable at public vendue to Bessie L. Campbell, the mother of the said Roy C. Campbell. At the time of the sale there was outstanding in the hands of another Constable of Kent County an execution issued by another Justice of the Peace of said County on a judgment of record in his office in favor of said Bessie L. Campbell and against the said Roy C. Campbell, under which the truck had been levied on, and which was junior to the lien of execution in the hands of the said Walter S. Cubbage, Constable. The amount received by the Constable at the sale was applied first in discharge of the amount of debt, interest and costs due on the Donovan judgment, and the balance on account of the judgment of Bessie L. Campbell. At the sale held by the Constable notice was given to prospective purchasers by a representative of the plaintiff that it "would replevin the truck if purchased." No specific reason was given for such announcement. Before the sale, the Constable making the sale examined the records in the office of the Recorder of Deeds for Kent County for chattel mortgages and contracts, and went to the office of the Vehicle Commissioner to see if any liens were entered there against the truck. He acquired no knowledge of any liens against the truck in Kent County, except the liens of the two executions.

It was not shown that James A. Donovan, one of the

execution creditors, or that Bessie L. Campbell, the other execution creditor and the purchaser of the truck at the Constable's sale, had any knowledge of any outstanding conditional sale contracts concerning or involving the truck—Bessie L. Campbell, in fact, denied knowledge of any such contract.

After title to the truck was transferred to Bessie L. Campbell, she assigned her title to Roy J. Campbell, the defendant, and he was in the possession of the truck at the time of the issuance and service of the Writ of Replevin in this case. Upon the execution of the Writ of Replevin by the Sheriff, the defendant claimed property in the truck and retained possession of it by giving a property or return bond to the Sheriff.

It was agreed that if judgment was entered in favor of the plaintiff it would be for $360.10, or if in favor of the defendant it would be for costs.

The plaintiff in its brief states that the points of law raised by the plaintiff involve:

1. The effect of recording and satisfying a lien in the Automobile Lien Register Book in the office of the Secretary of State [meaning Vehicle Commissioner] at Dover, Delaware.

2. Effect of new agreement extending payments on conditional sale contract.

3. What constitues removal from a filing district.

4. Estoppel of defendant to assert adverse title.

The defendant contends:

1. That the paper dated December 4, 1935, constituted a new conditional sale contract, and that it was not recorded according to the requirements of the statute.

2. That the plaintiff had knowledge of the removal of the truck to Kent County on December 4, 1935, that it was required by law to file its contract, or a copy thereof, in the office of the Recorder of Deeds for Kent County, within ten days from the date of its notice, and that notwithstanding such requirement it never did file the contract or a copy thereof in Kent County, at any time.

3. That Bessie L. Campbell, the purchaser of the truck, had no notice either actual or constructive of the conditional sale contract or contracts, either at the time her lien attached or at the sale, and for that reason she acquired title to the truck free and clear of any conditional sale contract.

4. That the doctrine of estoppel has no application.

As above stated, it is claimed by the defendant that the paper dated December 4, 1935, constituted a new conditional sale contract. If this is true the original contract of March 18, 1935, ceased to exist, as one of the modes of discharging an executory contract is by substituting a new contract by agreement of the parties. 3 *Elliott on Contracts,* § 1859.

But it must at least in some way appear that the parties intended to discharge the old contract in order for the new agreement to have that effect in itself. 3 *Elliott on Contracts,* § 1866.

The paper dated December 4, 1935, appears on its face to be complete in every particular, but the provisions therein set out are materially inconsistent with the relationship of the parties.

It purports to be a conditional sale contract by which the property therein described is reserved in Joseph Motor Company as the seller at a time long after the Joseph Motor Company had ceased to have any rights as owner in the

property. The rights of ownership of Joseph Motor Company as seller terminated on March 18, 1935, when it assigned the original contract to the plaintiff, therefore the paper dated December 4, 1935, can have no effect as a conditional sale contract, as the alleged seller on that date did not have title to the truck, since a conditional sale contract is a contract whereby it is agreed that until the price is paid title is to remain in the seller.

The above is sufficient to warrant the Court in holding that the paper dated December 4, 1935, was nothing more than a modification of the original contract by consent of the parties. There is nothing in the stipulation of counsel or in the testimony of the witnesses which would warrant the Court in holding otherwise. By the modification the original contract was materially changed in at least three particulars, namely, the amount due, the amount of the monthly payments and the place where the truck was to be kept.

In the printed form which was used to evidence the modification following the printed words "Said property will be kept at the following address" the plaintiff caused to be inserted the words "Dover, Del." By his signature the defendant agreed to such modification.

There is some conflict in the testimony as to where the property was kept within the meaning of the provisions of the statute relating to conditional sale contracts. By reason of the nature of the property it was not the intention of the parties that it would at all times be kept at one particular place during the existence of the contract, nor was this required by the statute or the contract.

The statute (*Section* 13, *Chap.* 173, *Revised Code,* 1935; *Code,* § 5963) authorizes the removal of property mentioned in conditional sale contracts for temporary uses for a period of not more than thirty days, without notice to

the seller, from the district in which the contract or a copy thereof is filed into another filing district of the State, unless the contract otherwise provides, and there was nothing in the contract between the parties prohibiting such removal.

By *Section* 6 of the *Conditional Sales Act* (*Section* 5956, *Revised Code,* 1935) it is provided that

"The conditional sale contract, or copy shall be filed in the office of the Recorder of Deeds in the County in which the goods are first kept for the use by the buyer after the sale."

This provision of law constituted a part of the contract between the parties. The contract as originally entered into by the parties provided that the truck was to be kept at Milford, and it appeared from the testimony that Milford meant that part of Milford which is located in Sussex County, consequently it was the duty of the defendant, prior to the modification of the contract, not to remove the truck from Sussex County, except for temporary uses for periods of not more than thirty days, without notice to the plaintiff, as assignee of the seller, and it was the duty of the plaintiff, as such assignee, if it desired the protection offered by the statute, to file the conditional sale contract, or a copy thereof, in the office of the Recorder of Deeds for Sussex County within the time fixed by law. It has not been shown that the plaintiff failed in this duty, or in any duty which it owed to the defendant at any time prior to December 4, 1936. On that date it was specifically agreed between the parties that the truck would be kept in Dover, and it has been established by a preponderance of the testimony that that was where the truck was kept, within the meaning of the statute, on and after December 4, 1935.

By *Section* 14 of the *Act* (*Section* 5964, *Revised Code* 1935) it is provided that

"When prior to the performance of the condition, [meaning the payment in full by the buyer of the amount due under the contract] the goods are removed by the buyer from a filing district in this

State to another filing district in this State in which such contract or copy thereof is not filed, * * * the reservation of the property in the seller shall be void as to the purchasers and creditors described in *Section* 5, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed."

The purchasers and creditors described in *Section* 5 (*Section 5955, Rev. Code* 1935) are "purchaser from or creditor of the buyer, who, without notice of such provision [meaning the provision reserving property in the seller] purchases the goods or acquires by attachment or levy a lien upon them."

The words of *Section* 14 (*Rev. Code* 1935, § 5964) are clear and free from ambiguity unless their meaning is restricted or modified by the language in *Section* 13 of the *Act* (*Rev. Code* 1935, § 5963).

By said *Section* 13 (*Code*, § 5963) it is provided, in part

"Unless the contract otherwise provides, the buyer may, without the consent of the seller, remove the goods from any filing district * * * but prior to the performance of the condition, no such buyer shall remove the goods from a filing district in which the contract or a copy thereof is filed, except for temporary uses for a period of not more than thirty days, unless the buyer not less than ten days before such removal shall give the seller personally or by registered mail written notice of the place to which the goods are to be removed and the approximate time of such intended removal. * * * If any buyer does so remove the goods, * * * without such notice or in violation of the contract, the seller may retake possession of the goods and deal with them as in case of default in payment of part or all of the purchase price."

The plaintiff contends that until notice is given in the manner provided by *Section* 13 of the *Act*, the removal of goods from the district in which the contract or a copy thereof is filed into another district of this State does not affect the vendor's reservation of title.

The New York Uniform Conditional Sales Law (*Personal Property Law, Consol. Laws N. Y. c.* 41, *Art.* 4, §§

73, 74) contains provisions identical in language with those portions of *Sections* 13 and 14 herein quoted.

In the case of *In re Bowman* (*C. C. A.*), 36 *F.* (2*d*) 721, 722, 68 *A. L. R.* 550, which was an appeal from an order of the District Court of the United States for the Northern District of New York, Judge Hand, in delivering the opinion of the Circuit Court said:

"Under the New York Law, conditional sales contracts must be filed in the office of the city clerk of the city in which the purchaser resides. If the property which is the subject of the sale shall be removed from the filing district, the seller is requred under certain conditions to file the contract, or a copy thereof, in the filing district to which the goods are removed. If the seller fails to comply with this requirement, the reservation of the property in the seller becomes void as to purchasers from, or creditors of the buyer who, without notice of the reservation of title, purchase the goods or acquire by attachment or levy a lien upon them. * * * The question here is whether there has been such a removal as made it necessary for the seller to file the contract, or a copy thereof, in the filing district to which the goods subject to conditional sale were removed."

After quoting the pertinent portion of *Section* 73 of the New York Law (such portion being identical with the langauge contained in *Section* 13 of the Delaware Act) Judge Hand continued as follows:

"The foregoing provisions indicate that the buyer is intended to have the right of removal of the goods 'for temporary uses for a period of not more than thirty days,' that a transfer for temporary uses for a shorter period is not a removal within the meaning of the statute, and that the buyer is not required to give notice to the seller of removal for temporary uses in order to prevent a default, unless it is for a longer period."

Judge Hand then quoted the pertinent part of *Section* 74 of the New York Law (being as above stated, identical in language with *Section* 14 of the Delaware Act), and continued as follows:

"It is contended on behalf of the Mack Corporation that the notice prescribed in *Section* 74 must be such a written notice as the buyer is required to give the seller under certain circumstances by the terms of *Section* 73. But we are not persuaded that this is so. The precise language of *Section* 73 requiring such written notice and the omission in *Section* 74 of any provision for written notice would seem to leave the word 'notice' in *Section* 74 with its usual

and natural meaning of an actual notice, however conveyed. If the seller has actual notice of the kind of removal contemplated by the statute, he is in a position to protect creditors by filing in the district to which the goods have been removed and in our opinion he is bound to take this step. Such an interpretation effectuates the general purposes of the act. The decisions under the *New York Uniform Conditional Sales Act,* as well as the New Jersey statute, seem to indicate that knowledge of removal on the part of the seller is the equivalent of notice, whether given orally or in writing."

Citing *Goetschius v. Brightman,* 245 *N. Y.* 186, 156 *N. E.* 660; *Thayer Mercantile Co. v. First Nat. Bank,* 98 *N. J. L.* 29, 119 *A.* 94, affirmed in 98 *N. J. L.* 907, 121 *A.* 927.

I am fully convinced of the correctness of Judge Hand's interpretation of the meaning of the word "notice" as contained in *Section* 74 of the New York Law, and such meaning is therefore applied to the word as contained in *Section* 14 of the Delaware Act.

In the present case the parties specifically agreed in writing on December 4, 1935, that the truck would be kept in Dover. They then by their contract fixed Dover as the situs of the truck and it is a fact as established by the evidence that on and after that date and at least up to the time of the execution sale, it was within the meaning of the statute kept there.

The agreement of the parties was equivalent to notice to the plaintiff. Under such circumstances it became the duty of the plaintiff, if it desired the protection afforded by the statute, to file the conditional sale contract or a copy thereof in the office of the Recorder of Deeds for Kent County within ten days after December 4, 1935, and this it did not do.

The Motor Vehicle Act of this State (*Chapter* 165, *Revised Code* 1935) provides in part that every application for an original certificate of title shall contain a full description of the motor vehicle, together with a full and complete statement of each and all liens or encumbrances,

if any, upon the motor vehicle. That the application shall have permanently attached thereto a duplicate original of every conditional sale contract, if any, whereby any lien or encumbrance is sought to be secured upon the motor vehicle. That the Vehicle Commissioner keep a permanent record of such liens or encumbrances, and that upon final payment being made on any lien or encumbrance so recorded, the holder of said lien or encumbrance shall satisfy the lien register. That when such lien or encumbrance has been fully paid by the owner and satisfied by the holder, such record of satisfaction shall be entered upon the certificate of title when presented at the office of the Vehicle Commissioner. That liens or encumbrances on a motor vehicle set out in the application for a certificate of title to which application has been securely attached the duplicate original of the conditional sale contract duly recorded, shall for all purposes and intents be valid and prior liens upon the motor vehicle from the date of issuance of the certificate of title, and such liens and encumbrances entered upon the certificate of title and recorded in the lien register shall be notice to all creditors of whatever description that such liens or encumbrances exist against the motor vehicle.

When the employee of the plaintiff caused the lien or encumbrance of record in the office of the Vehicle Commissioner to be marked "Paid," everyone thereby chargeable with notice had a right to treat the property as having been discharged from the provisions of the conditional sale contract, unless he was in some other way chargeable with actual or constructive notice.

Such an entry made through error would not, however, be sufficient to terminate the reservation of title to such property under the terms of a conditional sale contract.

The plaintiff contends that the evidence is sufficient to give rise to a presumption that Bessie L. Campbell, the defendant's mother, an execution creditor and the pur-

chaser at the execution sale, had knowlege of the conditional sale contract.

The first evidence of ownership of personal property is possession. If a person is in possession of personal property, holding himself out to others as the owner and acting as the owner, the presumption of the law is that he is the owner. *Drummond v. Hopper*, 4 *Harr.* 327.

This presumption can, of course, be overcome by actual notice to those dealing with the owner with respect to such personal property, or by constructive notice by reason of the provisions of recording or filing statutes, and where actual notice is relied upon the burden of proving it devolves upon the plaintiff. The finding of the Court is that there is not sufficient in the evidence or in the stipulation of counsel to give rise to any presumption that Bessie L. Campbell had at any time prior to the execution sale any knowledge either of the provision in the conditional sale contract "reserving property in the seller," or of the conditional sale contract itself.

In addition, the claim of title made by the defendant is in no way dependent upon the lien of the levy made under the execution issued on the judgment in favor of Mrs. Campbell.

The sale of the truck was made under an execution in the hands of Walter J. Cubbage, a Constable of Kent County, on a judgment in favor of James C. Donovan.

There is nothing in the stipulation of counsel or in the evidence, from which the slightest inference can be drawn that either Donovan or Cubbage, the Constable, had any knowledge, either actual or constructive, of any conditional sale contract affecting the truck prior to the day of sale. It does appear from the evidence that Cubbage did everything which could reasonably be expected to inform himself regarding such contracts and liens.

    ■ I have no hesitation in saying that it conclusively appears that at the time the truck was taken in execution by Cubbage, the Constable, under the writ issued on the Donovan judgment, neither Cubbage or Donovan had any notice, either actual or constructive, that there was an outstanding conditional sale contract under which there was a reservation of property, in the truck, by the plaintiff herein.

    ■ The fact that at the sale an announcement was made from which an inference might be drawn that the plaintiff had some interest in the truck is not material as at a time prior thereto the Constable had levied on the truck and the plaintiff in the execution had thereby obtained a lien thereon.

    ■ Under the facts as shown it is very clear that Donovan, as a creditor of the defendant, acquired a lien on the truck by levy, and without notice of the fact that Roy J. Campbell held it under a conditional sale contract and also that the conditional sale contract or a copy thereof was not filed as required by law in the office of the Recorder of Deeds for Kent County after the plaintiff herein had notice of the removal of the truck from Sussex County to Kent County.

    ■ Even if Mrs. Campbell had had knowledge, as contended by the plaintiff herein, her knowledge would not have affected her title as purchaser, as the lien secured by the levy under the execution issued on the Donovan judgment controlled the subsequent proceedings in determining what passed by the sale, and she would therefore be entitled to the same protection as a bona fide purchaser at the sale. The reason for this is well illustrated by the case of *Capital Circle No. 11, Brotherhood of the Union, v. Schmitt,* 84 *N. J. Eq.* 95, 92 *A.* 596, in which the Court said:

"Unrecorded mortgages are void and of no effect against a subsequent judgment creditor not having notice thereof.

■ *Comp. Stats.* [1910], *p.* 3414, § 22.

"In order that a judgment creditor may have the full benefit of the statute, the protection afforded to him is to be extended to the purchaser at the execution sale; and, even though the latter had notice, he takes the land free of the complainant's mortgage."

Citing—*Sharp v. Shea,* 32 *N. J. Eq.* 65; *Condit v. Wilson,* 36 *N. J. Eq.* 370; *Paul v. Kerswell,* 60 *N. J. L.* 273, 37 *A.* 1102.

See, also, *Doyle v. Wade,* 23 *Fla.* 90, 1 *So.* 516, 11 *Am. St. Rep.* 334; *Winston v. Hodges,* 102 *Ala.* 304, 15 *So.* 528.

■ The plaintiff contends that the defendant is estopped from asserting any title adverse to the title in the plaintiff under the conditional sale contract. It is his contention that the vendor named in a conditional sale contract can always assert title against the vendee and that even if the defendant, as claimed by him, acquired title to the truck from his mother, clear of all liens and encumbrances, he is estopped in this action from asserting such title and in support thereof he relies on several cases which recognize the principle that a grantor or mortgagor is estopped by his deed or mortgage where he conveys or mortgages property which he does not own, and afterwards acquires title thereto, from asserting his after acquired title so as to defeat his previous grant or mortgage.

This principle can have no application to the present case for the reason that any warranty of title contained in or arising under the conditional sale contract would be the warranty of the conditional seller and not of the conditional buyer.

■ The plaintiff also relies upon the principle which precludes a mortgagor in possession who permits taxes on the mortgaged property to become delinquent, and thereafter purchases the property at the tax sale, from claiming that the mortgage was extinguished by the tax sale, and it

cites in support thereof the case of *Waring v. National Savings & Trust Co.,* 138 *Md.* 367, 114 *A.* 57, 59.

In the Maryland case the Court said:

"There is a general principle applicable to such cases which may be stated thus: 'That a purchase made by one whose duty it was to pay the taxes shall operate as a payment only; he shall acquire no rights as against a third party by a neglect of the duty which he owed to such party.'"

Citing 3 *Cooley on Taxation,* 965.

I can see no analogy between the Maryland case and a case like the one before the Court, where the property was purchased at the execution sale, not by a party to the contract, but by a stranger to the contract, in the absence of proof that there was a fraudulent or collusive scheme to deprive the conditional vendor of his interest in the property sold.

In the case of *Cieniewicz v. Sliwka et al.,* 15 *Del. Ch.* 192, 133 *A.* 695, the Chancellor cited with approval the rule laid down by Prof. Pomeroy in § 754 of his *Treatise on Equity Jurisprudence* (*4th Ed.*) "that if a second purchaser for value and without notice purchases from a first purchaser who is charged with notice, he thereby becomes a bona fide purchaser, and is entitled to protection." And this rule seems to be generally recognized with respect to real property in the Federal and State Courts of this Country and in England and Canada. See Annotation in 63 *A. L. R.* 1362. There is, however, one exception to the rule and that is that "The equity will, however, revive if the property gets into the hands of the original trustee, or a purchaser who has actually made himself a party to the breach of trust." *Hanbury, Modern Equity, page* 43, or as Prof. Pomeroy stated it, "This exception is, that such a title cannot be conveyed, free from the prior equities, back to the former owner who was charged with notice."

This rule as applied to personal property is stated in 55 *C. J. Sales,* § 659, as follows:

"After property has passed into the hands of a bona fide purchaser, every subsequent purchaser stands in the shoes of such bona fide purchaser and is entitled to the same protection as a bona fide purchaser, irrespective of notice, so that a purchaser from a bona fide purchaser, although not himself purchasing bona fide, takes a good title, unless such purchaser was a former purchaser with notice, of the same property prior to its sale to the bona fide purchaser," citing *The W. B. Cole,* 59 *F.* 182, 8 *C. C. A.* 78, affirming (*C. C.*) 49 *F.* 587.

An exhaustive examination has not disclosed any adjudicated case where the facts were similar to the present case, however it does seem that there is an analogy between this case and the principle recognized in the exception to the rule contained in *Pomeroy's Treatise on Equity Jurisprudence (4th Ed.)*, § 754, and I am of the opinion that such principle should be applied in the present case.

Consequently, I am of the opinion that it was the duty of the defendant not to permit the plaintiff to be divested of its title to the truck by reason of any action or default on his part, but having done so by permitting the truck to be taken in execution and sold, and having acquired title thereto from the purchaser at the execution sale, he is now precluded from asserting that title as against the plaintiff in this action.

For the reasons above stated, I find for the plaintiff, and in acordance with the agreement of the parties I assess its damages at the sum of $360.10.