Briz-ler Corporation, a corporation of the State of Delaware,
Plaintiff Below,
Appellant,

*vs.*

William Weiner, Esther Weiner, Abraham Kristol, Pearl
Kristol, United States Fidelity and Guaranty Company,
a corporation of the State of Maryland, Agricultural Insur-
ance Company, a corporation of the State of New York, Fire-
men's Insurance Company, a corporation of the State of New
Jersey, Continental American Life Insurance Company,
a corporation of the State of Delaware, Defendants Below,
Appellees.

*Supreme Court, On Appeal, April 24, 1961.*

*Thomas H. Wingate,* Wilmington, for appellant.

*Daniel L. Herrmann* and *Leroy A. Brill,* of Herrmann & Duffy, Wilmington, for appellees.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

WOLCOTT, Justice: This is an appeal from a judgment of the Court of Chancery dismissing a complaint seeking recission of a contract, an accounting, and an equitable lien upon real estate or upon the proceeds of insurance. The basic question of the appeal is whether a loss occasioned by a fire should fall upon the seller or the purchaser of real estate under an installment contract.

In October, 1954, the plaintiff and defendants entered into a contract for the purchase by the plaintiff of the Hotel Grande property in Wilmington together with certain fixtures and equipment for a total price of $114,000, of which $80,000 represented the consideration for the real property and $34,000 the consideration for the fixtures and equipment. The plaintiff paid down the sum of $11,500 and agreed to pay the balance of $102,500 plus interest at 6% in monthly installments of $865. In addition, the contract required the plaintiff to pay the defendants monthly a further sum to be held in escrow out of which all taxes and fire insurance carried on the property were to be paid by the defendants as they became due. Upon payment of the

full amount the defendants were to convey title to the plaintiff free and clear of all liens and encumbrances, and to deliver a bill of sale covering the fixtures and equipment.

Upon execution of the contract, the plaintiff entered into possession of the property. It was required by the contract to pay all water and sewer charges and to keep the premises and equipment in good repair. The contract provided that time was of the essence, and that, upon default of payments, plaintiff forfeited all rights and payments made, subject to a right of redemption of thirty days. The contract prohibited the sale by the plaintiff of the premises or the fixtures and equipment. Plaintiff was required to use the premises as a bar, restaurant, hotel, liquor store, or private or night club, and was prohibited from engaging except at the Hotel Grande in any such business within ten blocks of the location of the property for a period of ten years.

In December, 1957, a fire occurred on the premises causing substantial damage. At this time a substantial balance was still owing on the total purchase price, and plaintiff had substantially complied with the terms of the contract. After the fire plaintiff remained in possession of the premises and operated its first floor bar and liquor store. The Building Inspector of Wilmington required that the remaining portion of the damaged building be closed as a safety hazard.

After the fire plaintiff commenced negotiations with the insurance company to settle for the loss occasioned by the fire. Difficulties arose with the City Building Inspector concerning the repair and restoration of the building in the condition it had been in prior to the fire. Ultimately, plaintiff settled with the insurance company for a payment of $31,454.78, which sum was insufficient to meet the cost of $107,000 required to restore the entire structure in accordance with the City Building Code.

In August, 1958, a dispute arose between the parties, the defendants claiming that the plaintiff was in default. Shortly thereafter plaintiff abandoned the premises, leaving all the equipment there, and the defendants applied the entire amount of the settlement to repair the

building by reducing it to one level for use as a restaurant, bar and grille, and package liquor store.

Plaintiff claims that it should be repaid all the money paid by it pursuant to the installment contract because defendants cannot now deliver what they contracted to deliver, viz., a four-story hotel structure. In the alternative, plaintiff claims that it is entitled to an equitable lien on the premises, or on the proceeds of insurance, in the full amount paid by it under the contract.

■ Initially, we note that the plaintiff claims it was unjustly evicted from the premises in August, 1958, when it was not in default, while the defendants claim that the plaintiff was in fact in default and, furthermore, voluntarily abandoned the premises. We have reviewed the record and are of the opinion that the defendants have established the default of the plaintiff, at least in August, 1958. This finding, however, is not decisive of the cause.

The basic question involved in this appeal is whether or not a loss occasioned by fire to premises under an installment contract of sale shall fall upon the seller or the purchaser. Presumably, if the loss as a matter of law falls upon the seller, then plaintiff should be entitled to relief of some nature. If, on the contrary, the loss falls upon the purchaser, the complaint was properly dismissed.

The rule followed in a majority of American jurisdictions is that an executory contract for the sale of lands requiring the seller to execute a deed conveying the legal title upon payment of the full purchase price works an equitable conversion so as to make the purchaser the equitable owner of the land and the seller the equitable owner of the purchase money. The result is that the purchaser, the equitable owner, takes the benefit of all subsequent increase in value and, at the some time, becomes subject to all losses not occasioned by the fault of the seller. See an extensive Annotation in 27 *A.L.R.2d* 444.

The rule followed by the majority of American states finds its origin in *Paine v. Meller*, 31 *Eng.Rep.* 1088. The basic reason for the rule is that if a party by a contract has become in equity the owner of land and premises, they are his to all intents and purposes and, as such, any loss caused to them must be borne by him.

■ It is surprising that in Delaware despite the passage of approximately 160 years since the decision in Paine v. Meller, no Delaware case passing on the precise question has been reported. In *Marvel v. Ortlip*, 3 *Del.Ch.* 9, however, Chancellor Bates approved for this State the English rule of equitable conversion of real estate upon the execution of a contract for sale. See, also *Ehrenstrom v. Phillips*, 9 *Del.Ch.* 74, 77 *A.* 81, and *Equitable Trust Co. v. Ward*, 29 *Del.Ch.* 206, 48 *A.2d* 519. Furthermore, we think, the uniform opinion of the bar of this State for years has been that the doctrine of equitable conversion was the law of Delaware. We think, therefore, that in some form at least the doctrine of equitable conversion is the law of this state.

The rule is criticized severely in 4 *Williston on Contracts* (*Rev. Ed.*), § 935 et seq., on the ground that the destruction of the subject matter of the contract renders it impossible of performance. And other textwriters have advocated differing views as to the extent and effect of the rule. See 22 *Cal.Law Review* 427; 33 *Harvard Law Review* 813. 4 *Williston*, § 940, advocates the rule followed by a minority of American jurisdictions that any loss from destruction falls on the purchaser only if at the time of entry into the contract he is put into possession of the land and thereafter exercises full rights of control.

■ In the case at bar the plaintiff entered into possession of the premises sold upon execution of the contract. Thereafter, it exercised all the rights ordinarily incident to ownership. We think that under any view of the rule of equitable conversion of title to real estate the fact that the purchaser has possession of the land sold and exercises sole control over it requires that any loss occasioned accidentally to the premises must fall upon him. Since this is the fact in the case at bar, it follows that, if this contract is unconditional, the loss must fail upon the purchaser. We are required to go no further in this case in applying the rule of equitable conversion. We leave undecided whether or not the majority rule based upon Paine v. Meller, which, under all circumstances, places the loss upon the purchaser following an equitable conversion, is the law of this State.

■ Plaintiff argues, however, that certain covenants in this contract make the rule even to this extent inapplicable in this particular case. Plaintiff argues that the contract under which it entered into possession is conditional and that, therefore, the doctrine of equitable ownership has no application. We think, however, such is not the fact for the contract clearly binds both parties to buy and sell the premises. The deferment of payment of the full purchase price over a period of time does not make the contract subject to a condition precedent for the seller is absolutely bound to convey if the price is ultimately paid. In addition, plaintiff was required by the contract to pay all taxes and fire insurance premiums, all water rent and sewer charges, and to keep the premises in good repair. The contract puts the plaintiff in possession and to all intents and purposes makes it the actual owner with the ordinary burdens of an owner. The contract is entirely consistent with the theory of the English doctrine of equitable ownership which regards the holding of the legal title by the seller as a mere security for the ultimate payment of the entire purchase price. There are no conditions relieving the seller of the absolute obligation to convey legal title when the entire purchase price has been paid. The contract is therefore an unconditional obligation to buy and sell the premises.

Next, plaintiff argues that the contract provision forfeiting all payments made by it in the event of its default makes the contract conditional. While the provisions may be harsh, they are not inconsistent with the protection of the sellers' security of the purchase price. In any event, since the provisions have force only upon the default of the plaintiff, they do not make the obligation of the seller to convey title conditional in the sense in which plaintiff means.

Plaintiff argues that other covenants make the contract conditional. It thus points to the covenants against assignment, limitation on type of use, prohibition against the sale of equipment without the consent of the seller, and others. All of these provisions, however, are consistent with the protection of the sellers' security for payment of the full purchase price. They do not make an otherwise unconditional contract into a conditional one.

■ Finally, plaintiff argues that the destruction of the building made it impossible for the defendants to convey what they had contracted to convey, viz., the premises as they existed before the fire. There is, however, no provision in the contract providing for such event. It follows, therefore, that plaintiff wants us to hold, with a small minority of the States, that destruction of the subject matter makes inoperative the doctrine of equitable conversion. Such a view, however, is a rejection of the doctrine which we have found to be the law of this State, at least under the circumstance of admitting the purchaser into possession. It follows, therefore, that plaintiff upon the execution of the contract for the purchase of the Hotel Grande became the equitable owner of it and, as such, subject to losses occasioned other than by the fault of the defendants.

■ When this loss by fire occurred, the plaintiff as equitable owner became entitled under the law to two options. It could require either that the proceeds of the insurance be credited on the purchase price thus reducing its obligation, or it could require that the proceeds of the insurance be used to repair and restore the damaged premises. 92 *C.J.S. Vendor and Purchaser* § 297, *p.* 179; 64 *A.L.R.2d* 1402. While it does not clearly appear that plaintiff made any election, it is clear beyond question that the entire proceeds of the insurance and more were applied by the defendants to the repair of the premises. Plaintiff therefore obtained that to which it was entitled.

Finally, plaintiff contends with respect to the personal property sold that 6 *Del.C.* § 927 placing the risk of loss to the goods upon the buyer has no application because the sale of the personalty was so interwoven with the sale of the real estate as to make them inseparable, and that, hence, any loss to the equipment must fall upon the seller.

We note that this contract is possibly severable between the real and personal property because of the apportionment between the two of the purchase price. We are, of course, aware of the decision of this Court in *Orenstein v. Kahn*, 13 *Del.Ch.* 376, 119 *A.* 444, holding a somewhat similar contract to be not divisible, but we think we do not have to decide the question of whether or not that case governs the construction of the contract before us. We are of this opinion be-

cause if the contract is not divisible between the personalty and the realty, then the plaintiff became the equitable owner of all property, whether real or personal, of which he took possession under the contract. *Gallichio v. Jarzla*, 18 *N.J. Super.* 206, 86 *A.2d* 820.

The judgment below is affirmed.