Theresa B. MARSH, individually and as next friend for Franklin H. Marsh, Jr., and Theresa B. Marsh, minors, Plaintiff,

v.

Franklin H. MARSH, Franklin W. Marsh, Mary E. Marsh, his wife, and Leon J. Jacobs, Defendants.

Court of Chancery of Delaware.

New Castle.

Jan. 6, 1970.

Frederick Knecht, Jr., Wilmington, for plaintiff.

John A. Faraone, Wilmington, for Franklin W. Marsh and Mary E. Marsh.

O. Francis Biondi, and John E. Babiarz, Jr., Wilmington, for Franklin H. Marsh.

SHORT, Vice Chancellor:

Plaintiff, Theresa B. Marsh (Theresa) seeks an order against defendant Franklin H. Marsh (Franklin) for separate maintenance for herself and the two minor children of the parties. She also seeks to impress a trust in her favor on a parcel of real estate known as No. 2 Bellamy Drive, Whitehall, New Castle, Delaware, titled in the name of defendants Franklin W. Marsh (Wayne) and Mary E. Marsh (Mary), his wife. This is the decision after final hearing.

Theresa and Franklin were married in August 1964. At that time each had minor children by prior marriages, Theresa having seven and Franklin three. The two minor plaintiffs were born to Theresa and Franklin. The evidence clearly establishes that Franklin deserted Theresa and the minor plaintiffs on or about January 2, 1968. On February 8, 1968 a support order was entered by the Family Court of New Castle County requiring Franklin to pay $25.25 per week for the support of the minor plaintiffs. That order also required Franklin

to make the mortgage payments, presumably on the No. 2 Bellamy Drive property where Franklin, Theresa and the children were living prior to Franklin's desertion. Theresa and the children have continued to live at the same premises. Franklin is not only in arrears of the support payments called for by the Family Court order but he has made but one payment on the mortgage since the desertion.

Theresa testified that she requires $40 per week for support of herself and the minor plaintiffs. Since Franklin is now under order of the Family Court to pay $25.25 per week for the support of the minors Theresa's needs may be met by an order requiring Franklin to pay $15 a week for her maintenance. An order accordingly will be entered with jurisdiction reserved to reconsider the amount of the award should plaintiffs be dispossessed of the premises where they now reside.

Theresa's cause of action to impress a trust on No. 2 Bellamy Drive arises under the following circumstances: On October 23, 1966 Franklin and Theresa entered into a contract with Double "S" Construction Co. to purchase a dwelling house to be erected on No. 2 Bellamy Drive. The contract fixed the purchase price at $19,450 of which $2500 was paid by Franklin as a deposit, $2450 was payable on or before settlement and the balance of $14,500 at settlement. The seller undertook on behalf of the purchasers to apply for a 20 year mortgage loan for the $14,500 balance. Application was accordingly made to Ninth Ward Savings and Loan Association and its commitment to furnish the funds was given on April 27, 1967. In the meantime the seller had proceeded with construction of the dwelling house and Franklin and Theresa had visited the site on several occasions though their marital relationship was becoming an unhappy one. Upon completion of the dwelling the seller attempted to get Franklin and Theresa to settlement. It was advised by Franklin that he would be unable to settle as he and Theresa were getting a divorce but that his son, Wayne,

542

would buy the property. Settlement was held on July 19, 1967 without notice to Theresa. It was attended by Franklin, Wayne and Mary. Franklin paid the settlement costs together with the $2450 payment on account of the purchase price called for by the contract between Double "S" and Franklin and Theresa. Ninth Ward Savings and Loan Association advanced the balance of the purchase price on a mortgage loan to Wayne and Mary who were named the grantees in the deed of Double "S" Construction Co. conveying Lot No. 2 Bellamy Drive.

At or prior to settlement Franklin and Wayne and Mary agreed that they would jointly occupy the Bellamy Drive property, Franklin to bear all the costs including the mortgage payments. After settlement Franklin and Theresa became reconciled and they moved into the property together with their children in August 1967. Franklin made the mortgage payments until a month following his desertion of Theresa who did not learn that title to the property was in the names of Wayne and Mary until sometime in December 1967.

■ By virtue of the contract to which she was a party Theresa and Franklin acquired the equitable estate in Lot No. 2 Bellamy Drive. Marvel v. Ortlip, 3 Del. Ch. 9; Briz-Ler Corp. v. Weiner, 39 Del. Ch. 578, 171 A.2d 65. At the signing of the contract Franklin made a down payment of $2500 and a further payment of $2450 at settlement pursuant to the terms of the contract. Wayne and Mary argue that since the funds advanced were solely the monies of Franklin, Theresa should not be considered as having an interest. But where title to property is taken in the names of husband and wife the husband alone paying the purchase money there is a rebuttable presumption that he intended a gift to the wife. Greenly v. Greenly, 29 Del.Ch. 297, 49 A.2d 126; Hanby v. Hanby, Del. Super., 245 A.2d 428. The same principle is applicable to an equitable estate acquired by husband and wife under a contract of

sale. I find no persuasive evidence in the present case to rebut the presumption. The testimony of Mary that Franklin intended a gift of the down payment and settlement payment to Wayne does not help defendants. The down payment was made at the time of the execution of the contract and Franklin was powerless thereafter, absent Theresa's consent, to make an effective gift of the same payment to his son. The payment of $2450 at settlement was made pursuant to the contract to which Wayne and Mary were not parties. Theresa therefore had an interest in the property which is entitled to protection unless Wayne and Mary are bona fide purchasers for value without notice of Theresa's prior equity.

■ Though not pleaded defendants apparently contend that they are such purchasers. The burden of proof of the issue of bona fide purchaser rests upon defendants. Cieniewicz v. Sliwka, 15 Del.Ch. 192, 133 A. 695. The only testimony in the record on this issue is answers to certain questions propounded to Wayne by the court to the effect that he and Mary had no knowledge of the contract between Double "S" and his father and Theresa at the time title was taken in his and Mary's names. But there is one fact which clearly precludes the assertion of bona fide purchaser. The deed delivered to defendants at settlement was visibly altered in the names of the grantees. The "W" in Wayne's name was obviously inserted over an erasure. The "Mary E." of Mary's name not only was inserted over an obvious erasure but the first letter, "T", of the name for which Mary's was substituted is plainly visible in the erased space before the name "Mary E." Also visible is a period following a partially discernible letter, either a "B" or a "P", in the erased space following the name "Mary E." The attorney who conducted the settlement testified that the names of the grantees in the deed were changed from Franklin H. Marsh and Theresa B. Marsh to Franklin W. Marsh and Mary E. Marsh when he was advised that title would be taken in the latter names.

■ Absence of notice of prior equities is an essential element to the defense of bona fide purchaser. 92 C.J.S. Vendor & Purchaser § 324, p. 230. A person claiming title to lands is chargeable with notice of every matter affecting the estate which appears in his deed. 92 C.J.S. Vendor & Purchaser § 330, p. 241. In 1 Merrill on Notice 106 the author says: "Visible alterations in documents usually are danger signals. Apparent erasure suggests to the inquiring mind that there has been an alteration, whose nature should be asked about * * * The case for requiring interrogation is stronger where the change, going beyond mere erasure, clearly becomes alteration or substitution."

In Williams v. Wessels, 94 Kan. 71, 145 P. 856 the court held that an erasure of the name "Williams" and substitution of the name "Shearer" as grantee in a deed was sufficient to charge Shearer with notice of Williams' claim. See also Flitcraft v. Commonwealth Title Ins. & Trust Co., 211 Pa. 114, 60 A. 557.

The testimony here warrants the conclusion that Franklin had his son and daughter-in-law named as grantees of the property involved in an attempt to defeat Theresa's equity established by the contract. Theresa contends that Wayne and Mary joined with Franklin in a conspiracy to that end. But this contention finds no support in the evidence. While Wayne and Mary are not, under the circumstances, entitled to protection as bona fide purchasers the situation of the parties is such that it would be inappropriate to impress a trust upon the legal title. I say this because the equity in Franklin and Theresa resulting from their contract with Double "S" was an interest by the entirety any dealing with which requires joint action and any invasion of which ordinarily is recomposed by joint relief. Franklin, however, by his unilateral attempt to defeat Theresa's rights is not entitled to any advantage either jointly or individually. In the circumstances I am satisfied that the appropriate relief to be granted Theresa is the imposition on Lot No. 2 Bellamy Drive of an equitable lien in the amount of $2475 being one-half of the payments made by Franklin before and at settlement pursuant to the contract. But because of the pendency of litigation in which Wayne and Mary seek to evict Theresa from the property and to recover rent for her occupancy thereof the mere imposition of a lien may not afford Theresa adequate relief. A further conference with counsel is required. Plaintiff's attorney is directed to consult with the Court Administrator to fix a convenient time.